PERELES
v.
ALBERT et al.

PERELES VS. ALBERT and another.

The last clause of sec. 29 of the Code, which declares that if the county designated as the place of trial in the complaint "be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant, before the time of answering expires, demand in writing that the trial be had in the proper county," relates not only to what precedes it, in the same section, but also to the preceding sections, 27 and 28, of the Code, and qualifies their meaning. If a defendant fails so to demand that the trial be had in the proper county, it may be had in the county designated in the complaint.

An action was brought in the circuit court of Milwaukee county, to foreclose a mortgage on land lying in Washington county, and process was served on one of the defendants in Milwaukee county, and on the other in Washington county, where they respectively resided. The defendants did not appear to the action. *Held*, that the circuit court of Milwaukee county had jurisdiction of the action, and could render judgment of foreclosure therein.

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion of the court.

*Thorp & Shelley*, for appellants.

*Smith & Salomon*, for respondent.

November 19.     *By the Court*, COLE, J.   This was an action to foreclose a mortgage, and was commenced, and judgment of foreclosure entered, in the circuit court of Milwaukee county, the mortgaged premises being in the county of Washington. The appellants were personally served with process, one in Milwaukee county and the other in Washington county, where they respectively resided. They made no appearance to the action. The only question raised upon the appeal is, whether the circuit court of Milwaukee county has jurisdiction of an action to foreclose a mortgage on lands lying in another county. We are inclined to the opinion that it has.

The constitution confers upon the circuit courts original jurisdiction in all matters, civil and criminal, within the state, not excepted in the constitution, and not prohibited by law. (Sec. 8, Art. VII.) And in what were equity cases under the old system, when no rule of court or statute is provided to regulate the practice, it is governed by the rules of the high court of chancery in England. *Burrall vs. Eames*, 5 Wis., 260. This case, however, was commenced under the

Code, and we have therefore to look at its provisions to settle this question of practice.

Section 27 of the Code provides that actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by statute: 1. For the recovery of real property, &c. Subdivision 3. For the foreclosure of a mortgage of real property. Section 28 declares that another class of actions shall be tried in the county where the cause, or some part thereof, arose, subject, &c. Section 29 provides that in all other cases the action shall be tried in the county in which the defendants, or any of them, shall reside at the commencement of the action. The last clause of section 29 reads as follows: "If the county designated for that purpose in the complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant, before the time for answering expires, demand, in writing, that the trial be had in the *proper county*, and the place of trial be thereupon changed, by consent of parties or by order of the court, as provided in this section." This clause of the section we think relates, not only to what has preceded it in section 29, but also refers to the two preceding sections, qualifying and restraining their language. So that, if if the plaintiff designates in his complaint the wrong county as the place of trial, the defendant's remedy is to demand that the trial be had in the proper county. And when he fails to do so, we think there is no error in the judgment on account of the trial taking place or judgment being rendered in a wrong county. This is the construction placed upon the corresponding provisions of the New York Code by the courts of that state in the following cases: *Miller vs. Hull*, 3 How. Pr. R., 324; *Beardsley vs. Dickinson*, 4 id., 81; *Chubbuck vs. Morrison*, 6 id., 367; *Bangs vs. Selden*, 13 id., 163; *Same case, id.*, 374; and we can see no valid objection to it. It is true that what constitutes the latter clause of section 29 of our Code, forms an independent section of the New York Code, but still we think this arrangement does not essentially vary or change the scope and intention of these various pro

visions. As already stated, we think that clause relates as well to the two preceding sections as to the section of which it accidentally forms a part. The design of the Code probably was to permit the plaintiff to select the county in which the action was to be tried, subject to the right of the defendant to have it changed to "*the proper county.*" If the defendant does not, before the time for answering expire, demand, in writing, that the trial be had in the proper county, then the action is to be tried in the county selected by the plaintiff.

We can see no inconvenience or hardship likely to grow out of this practice, since the defendant always has the action so far under his control that he may insist upon its being tried in the proper county.

We think the circuit court of Milwaukee county had jurisdiction of the action, and could render judgment of foreclosure therein.

The judgment of the circuit court is therefore affirmed, with costs.