## LANE VS. BURDICK.

Under chap. 302, General Laws of 1861, the Municipal Court of the City and Town of Ripon has the same power as a circuit court to try and determine an action commenced therein, although the action is properly triable in another county, if the defendant does not, at the proper time, demand its removal to such county.

APPEAL from the Municipal Court of the City and Town of *Ripon*.

Action on a special contract, to recover for work done by the plaintiff for the defendant.    The answer, among other

things, denies that either the plaintiff or the defendant was, at the commencement of the action, or ever had been, a resident of the municipality of the city and town of Ripon, and denies, on that ground, the jurisdiction of the court. On the trial, after the plaintiff had rested, the defendant offered in evidence a stipulation between the parties to the effect that at the commencement of the action the defendant was a resident householder of the town of Green Lake in the county of Green Lake, in this state; that the summons was served upon him in said town; and that the plaintiff was not and never had been a resident of the city and town of Ripon. The court denied a motion by the defendant to dismiss the cause for want of jurisdiction; and upon a finding of facts which included those stated in said stipulation, rendered judgment for the plaintiff.

*M. W. Seeley,* for appellant:

1. Section 1 of the act creating the court limits its jurisdiction to the city and town of Ripon, and the expressions in secs. 5, 7 and 12 of the act, giving said court the same jurisdiction as circuit courts, must be construed as having reference to the subject matter of those sections, the various processes of the court, and not to territorial jurisdiction. 2. To give sec. 12 of that act the construction contended for by the respondent would give said court a jurisdiction larger than the circuit court—a jurisdiction bounded only by the limits of the state and inconsistent with sec. 2, art. VII of the constitution of this state, which provides that "the jurisdiction which may be vested in the municipal courts shall not exceed in their respective municipalities that of circuit courts in their respective circuits." 3. There is no provision, in the act constituting the court, for a change of venue, except where the judge is interested. The defendant was therefore deprived of his right to a trial in the county in which he lived.

*Dobbs & Mayham,* for respondent.

*By the Court,* DIXON, C. J. The first section of the act (chap-

ter 302, Laws of 1861) creating the municipal court of the city and town of Ripon, confers upon said court "jurisdiction in all civil actions, both as to matters of law and equity, equal to and commensurate with the circuit court for the county of Fond du Lac, within the city and town of Ripon." Section five declares : " The said municipal court shall have full power and authority to issue all legal and civil and criminal process proper and necessary to carry into effect the jurisdiction given it by this act; and, to carry out such jurisdiction, shall have and possess all the powers usually possessed by courts of record under the common law, under the limitations and regulations imposed by statutes." Section seven : "The rules of practice and proceedings of said municipal court shall conform, as near as practicable, to the rules of practice and proceedings of the circuit courts of this state. All laws conferring powers and jurisdiction or regulating the proceedings of circuit courts, or the judges thereof, in civil cases, are hereby extended to and over the municipal court and the judge thereof; so that the said municipal court and the judge thereof may do and perform all acts, matters and things which may be done and performed by the circuit court of Fond du Lac county, or the judge thereof, in civil cases." Section twelve : " All the general provisions of the statutes of the state of Wisconsin, relating to the powers and duties of the circuit courts of this state, in civil cases, shall apply to the municipal court hereby established, as they now exist or as shall hereafter be provided for the circuit courts of this state."

It is a settled rule in the circuit courts, that the plaintiff may select the court and name the county in which he will have the trial, and unless the defendant demand a change and cause the action to be removed, when the county named is not the proper one, the court has jurisdiction to proceed to trial and judgment. Such was the construction put upon the statute (sections 1, 2, 3 and 4, chap. 123, R. S.,) in *Pereles vs. Albert*, 12 Wis., 666. This action might, therefore, have been com-

menced in the circuit court for the county of Fond du Lac, and, without the demand, the jurisdiction would have been plenary and absolute. The same result follows in the municipal court, whose powers are declared to be commensurate with those of the circuit in all civil cases.

The fact that the jurisdiction of the municipal court must be exercised within the city and town, does not affect the question. So must that of the circuit court within the county, by the general law. The effect of the statute regulating the commencement of civil actions is, to give the circuit court of each county a kind of incipient jurisdiction throughout the state, and, with the *assent* of the parties, the power to hear and determine all such actions, without regard to the nature of the controversy or the residence of the litigants. The same jurisdiction and power are extended to the municipal court by the act under consideration. The defendant, having failed, at the time and in the manner prescribed by law, to demand that the place of trial be changed, assented to the jurisdiction, and the objection by answer came too late, and was properly disregarded by the court.

The objection that the jurisdiction exceeds that of the circuit court, is not true. It may be equal, but does not exceed. And if giving the court an incipient jurisdiction over causes arising, or persons residing, without the municipality, be supposed to conflict with the constitution, the objection is answered in *State ex rel. Stark vs. McArthur*, 13 Wis., 383.

Judgment affirmed.