BEACH VS. SUMNER and others.

*Jurisdiction of circuit court in foreclosure of mortgage on real estate.*

Under sec. 1,ch. 243, Laws of 1862, the circuit court for any county cannot acquire jurisdiction of an action commenced therein for the foreclosure of a mortgage on real estate, unless the mortgaged premises are situated wholly or partly in such county.

APPEAL from the Circuit Court for *Winnebago* County.

This action was commenced in the Winnebago circuit court, to foreclose a mortgage on real estate in Waupaca county. There was no appearance by any of the defendants. Judgment was rendered in the usual form, which recites, *inter alia*, due proof of personal service of the summons and complaint upon all the defendants. The defendants appealed.

*Sessions & Reed*, for appellants.

*Whittemore & Weisbrod*, for respondent, contended that prior to the act of 1862, the circuit court of one county had jurisdiction of actions to foreclose mortgages on lands in other counties (*Pereles v. Albert*, 12 Wis., 666); that it could not be ousted of this jurisdiction except by express words or necessary implication (Sedgw. on Stat. & Con. Law, 313; sec. 8, art. vii of constitution); that ch. 243, Laws of 1862, while it declares that all foreclosure actions shall be commenced, tried and determined in the county where &c., contains no negative words; that there was no hardship to be remedied by it (*Pere-*

*les v. Albert, supra*) ; and that it should therefore be deemed merely directory. Sedgw., 368–78; *Rex v. Inhabitants of Birmingham*, 8 B. & C., 29, 35. 2. The objection cannot be raised for the first time on this appeal. *Mariner v. Crocker*, 18 Wis., 251 ; *Wilson v. Mayor &c.*, 4 E. D. Smith, 684 ; 1 Abb., 4 ; 34 Barb., 66 ; 8 Abb., 429 ; 3 Kern., 343.

COLE, J. Section one, chapter 243, Laws of 1862, provides that all actions thereafter commenced in any court of this state, for the foreclosure or satisfaction of a mortgage upon real estate, shall be commenced, tried and determined in the county where the mortgaged premises, or some part thereof, are situated. This language is to clear and precise to admit of any doubt as to the intention of the legislature. That intention indubitably was, to prohibit the bringing of an action to foreclose a mortgage in any county other than the one where the mortgaged property, or some portion of it, was situated. The law was passed to do away with the effect of the decision in *Pereles v. Albert*, 12 Wis., 666. It is claimed that this is a directory statute, and was not intended to deprive the circuit courts of jurisdiction of actions to foreclose mortgages on lands situated in counties other than the one in which the suit is brought. But the law is not susceptible of any such construction.

*By the Court.*—The judgment of the circuit court is reversed, and the caused remanded with directions to dismiss the complaint.