## BROCKWAY vs. CARTER and others.

*Jurisdiction of Municipal Court of Ripon in foreclosure actions.— Demand of judgment for deficiency.*

1. The municipal court of the city and town of Ripon has jurisdiction of actions to foreclose mortgages of land situate anywhere in Fond du Lac county.

2. Perhaps the defendant in such an action has a right to have it removed to the 'circuit court of that county, on demand made as provided in sec. 4, ch. 123, R. S.

3. Under ch. 243, Laws of 1862, the complaint in foreclosure of a mortgage may demand a personal judgment for any deficiency.

APPEAL from the Municipal Court of the *City and Town of Ripon.*

Foreclosure of mortgage on land. The defendants appealed from an order overruling their demurrer to the complaint. The question of jurisdiction involved will appear from the opinion. The prayer for judgment, after demanding a foreclosure, sale of the mortgaged premises, and payment of the mortgage debt, etc., out of the proceeds, further prays that the defendant *Carter* "may be adjudged to pay any deficiency which may remain after applying all of said moneys so applicable thereto," and for general relief. One of the grounds of demurrer was misjoinder of several causes of action.

*George Perkins,* to the point that the court below had no jurisdiction in actions to foreclose mortgages upon land not situate within the city or town of Ripon, cited R. S. ch. 123, secs. 1 and 4 (being secs. 27 and 29 of the Code of 1857 — see 12 Wis. 667) ; *Pereles v. Albert,* 12 Wis. 666 ; Laws of 1862, ch. 243, secs. 1 and 4 ; *Beach v. Sumner,* 20 Wis. 274 ; Pr. & L. Laws of 1861, ch. 302, sec. 1 ; *Lane v. Burdick,* 17 Wis. 93 ; *State ex rel. Stark v. McArthur,* 13 id. 383. 2. Under R. S. 1858, a personal action for a deficiency could not be joined with

an action to foreclose. *Borden v. Gilbert*, 13 Wis. 672. Chapter 254, Laws of 1862 (sec. 3), allowed the two causes of action to be joined, but required the judgment for the deficiency to be entered at or after the time of the confirmation of the sale. The complaint here is bad because it demands judgment for the deficiency in the first instance, and not after confirmation of the sale. *Baird v. McConkey*, 20 Wis. 297.

*A. B. Hamilton*, for respondent, as to the jurisdiction of the court, cited *State ex rel. Stark v. McArthur*, 13 Wis. 383, and *Lane v. Burdick*, 17 id. 92 ; and as to the alleged misjoinder he cited sec. 2, ch. 243, Laws of 1862.

COLE, J. This was an action to foreclose a mortgage, commenced in the municipal court for the city and town of Ripon. The mortgaged premises were situated outside of the city and town of Ripon, being in the town of Metomen, in Fond du Lac county. The complaint is demurred to principally on the ground that the municipal court has no jurisdiction of a foreclosure action, unless the land lies within the city or town of Ripon.

In the case of *Lane v. Burdick*, 17 Wis. 92, this court had occasion to put a construction upon the act (chap. 302, Private and Local Laws of 1861) creating the municipal court of the city and town of Ripon. That was an action commenced in that court to recover for work done by the plaintiff for the defendant upon a special contract. It was stipulated in the case, that, at the commencement of the action, the defendant was a resident and householder of the town of Green Lake, in the county of Green Lake, and that the plaintiff was not and never had been a resident of the city and town of Ripon. And it was objected that the court had no jurisdiction to try the action. But this objection was overruled, this court holding that unless the defendant demanded a change, and caused the action to be removed

to the proper county, the municipal court had jurisdiction to proceed to trial and judgment. And the chief justice, in the opinion in that case, in substance says, that it was the manifest intent of the law creating the municipal court for the city and town of Ripon to confer upon that court powers commensurate with those of the circuit court of Fond du Lac county in civil cases ; and that as the circuit court would have had plenary jurisdiction of the cause had it been commenced in that court, the defendant making no demand for a change, so the municipal court had a like jurisdiction, subject to a demand for a change on the part of the defendant. He further adds, that, "the effect of the statute regulating the commencement of civil actions is to give the circuit court of each county a kind of incipient jurisdiction throughout the state, and, with the *assent* of the parties, the power to hear and determine all such actions, without regard to the nature of the controversy or the residence of the litigants," and that the same jurisdiction was conferred upon the municipal court. And this construction derives additional support from the 25th section of chapter 302, which provides, that, on application for a change of the place of trial, the circuit court may send the cause to the municipal court of Ripon, as well as to the circuit court of any other county, provided that no cause specified in chap. 123, R. S. exists against such change.

The decision in *Lane v. Burdick* is decisive of the question of jurisdiction presented in the case at bar. This is clearly so unless it can be said that the law of 1862, (chap. 243), restricts the jurisdiction of the municipal court in foreclosure actions to cases where the land lies within the city and town of Ripon. But we do not think this to be the effect of that statute. The first section of that act provides that all actions commenced in any court for the foreclosure of a mortgage shall be commenced and determined in the county where the

mortgaged premises, or some part thereof, are situated; provided, that the court in which any such action shall be pending may award a change of venue, upon the application of either party, for the same causes and in the same manner as in other civil actions. Now it appears to us that it is doing no violence to the spirit of this enactment, and it certainly is not to its letter, to hold that the municipal court had jurisdiction to foreclose a mortgage on lands lying anywhere in Fond du Lac county. For the action would be tried and determined in the county where the mortgaged premises were situated. The object of the law of 1862 doubtless was to change the practice sanctioned by this court in *Pereles v. Albert*, 12 Wis. 666. In that case it was held that the circuit court had jurisdiction of actions of foreclosure even when the mortgaged premises were situated in some other county than that where the suit was commenced; in other words, that the circuit court of each county had a kind of incipient jurisdiction throughout the state of foreclosure actions, and, with the assent of parties, might hear and determine the same, even where the mortgaged property was in another county. The legislature, however, has seen fit to change the law in this particular, and has provided that the action must be commenced and determined in the county where the mortgaged premises are situated, unless the action is removed to another county. This is the language of that statute, and its purpose will be fully subserved by holding that the municipal court of Ripon has an incipient jurisdiction throughout Fond du Lac county to foreclose a mortgage upon lands anywhere within the county. When, however, the mortgaged premises should happen to be situated without the city and town of Ripon, but within the county, the defendant might have the right to have the cause removed from the municipal to the circuit court of Fond du Lac county, as the proper forum to try the action. Perhaps this should be the right of

the defendant in such a case, upon principles analogous to the ruling in *Pereles v. Albert*, and in order that the jurisdiction of the municipal court may sustain, in fore-- closure actions, the same relation ' territorially to the circuit court of the county, which, in that cause, it was held the circuit courts of the state sustained in regard to each other.

Where the defendant, in a foreclosure action pending in the circuit court of Fond du Lac, applied for a change of the place of trial on account of the prejudice of the judge, the cause would be sent to the municipal court. Sec. 25, ch. 302. And, by giving the defendant the right to remove the cause when the mortgaged property was situated without the limits of the city and town of Ripon, the objection that the jurisdiction of the municipal court might otherwise exceed that of the circuit court in this class of cases would be obviated.

The other objection taken in the demurrer, that several causes of action are improperly united, is so clearly untenable as to require 'no answer. See ch. 243, Laws of 1862.

· *By the Court.* — The order of the municipal court overruling the demurrer is affirmed.