THE GEISER THRESHING MACHINE COMPANY VS. CARTER.

*Municipal Court of Ripon — Change of place of trial.*

1. The municipal court of the city and town of Ripon, on an application, in a cause pending therein, for a change of the place of trial on account of prejudice of the judge, is not required (under ch. 302, P. & L. Laws of 1861) to order the cause to be removed to the circuit court for Fond du Lac county, but may direct its removal to the circuit court for any other appropriate county.

2. *Brockway v. Carter*, 25 Wis., 510, cited; and *State ex rel. Stark v. McArthur*, 13 Wis., 383, distinguished.

APPEAL from the Municipal Court of the *City and Town of Ripon.*

This action was commenced in said court; and after some proceedings were had therein, the defendant applied, on a verified petition, for a change of the place of trial, on account of the prejudice of the judge, and asked that the same be sent to some county where the cause complained of did not exist. Thereupon the court made an order changing the place of trial to the circuit court for Green Lake county. From this order the defendant appealed.

*D. W. C. Priest,* for appellant, cited *State ex rel. Stark v. McArthur*, 13 Wis., 383, and sec. 31, ch. 302, P. & L. Laws of 1861.

*A. B. Hamilton,* for respondent, argued, that however it may have been with sec. 60, ch. 117, R. S., under which the case of *State ex rel. Stark v. McArthur* was decided, it is clear that the amending act, ch. 142, Laws of 1859, relates only to *county* courts, and is not applicable to *municipal* courts; that ch. 302, P. & L. Laws of 1861, gives the municipal court of Ripon jurisdiction co-extensive with the circuit court in regard to all civil matters; and that even if ch. 142, Laws of 1859, applies to said court, it must be presumed (in the absence of any bill of exceptions) that the reason for not sending the cause to the circuit court for Fond du Lac county was because it was made to

Geiser Threshing Machine Company vs. Carter.

appear that the same objection existed in respect to the judge of that court which was alleged to exist against the judge of the municipal court.

COLE, J.   The defendant contends that the cause should have been sent to the circuit court for Fond du Lac county, and that the municipal court had no authority to send it to any other circuit court.   The sole question, therefore, presented is :   Had the municipal court, under the law, the power to make the order it did ?   We are of the opinion that it had.   The general statutes upon the subject of changing the place of trial in civil actions in effect provide, that where the application is made on account of the prejudice of the judge of the court, there a change of the place of trial shall be awarded unless the parties make and file a written stipulation agreeing that some member of the bar of the supreme court shall try the cause, who *pro hac vice* acts as judge. 2 Tay. Stats., 1424, § 10, chap. 123.   There was no stipulation of the kind filed in this case, so that no question as to the validity of the provision authorizing a member of the bar to act as judge in trying a cause is before us.   But, on the application, it became the duty of the municipal court to change the place of trial to some court or county where the causes complained of did not exist.

The law organizing the municipal court of the city and town of Ripon provides that the general provisions of the statutes relating to the powers and duties of the circuit courts in civil causes shall apply to that court.   Sections 5, 7, and 12, chap. 302, P. & L. Laws of 1861.   It also provides that there may be a change of the place of trial to the municipal court from the circuit court of Fond du Lac county, or from any other circuit court, providing that no cause specified in chapter 123 of the revised statutes exists against such change.   Sections 24 and 25. In view of these various provisions of law, we deem it quite clear that the municipal court of Ripon had authority to make the order appealed from.   See also *Brockway v. Carter*, 25 Wis.,510.

Geiser Threshing Machine Company vs. Carter.

It is claimed, however, that this court decided in the case of *The State ex rel. Stark v. McArthur*, 13 Wis., 383, that where an application is made to a municipal or county court of any county for a change of the place of trial on account of the prejudice of the judge, the change must be made to the circuit court of the same county, and that this decision is controlling in this case. One of the questions presented for decision in the case of McArthur was, whether the municipal court of Milwaukee, on an application in a *criminal case* to change the place of trial on account of the prejudice of the judge, had authority to send the cause to the circuit court for Milwaukee county, or whether he was bound to send it to another county. The provisions of law upon the subject of the change of venue in criminal cases on account of the prejudice of the judge of the court where the indictment was found, declared that the change should be made " *in the manner provided by law for a change of venue in civil actions.*" Sec. 2, chap. 178, R. S. These provisions were of course applicable to the municipal court of Milwaukee in that class of cases, as well as to other courts having criminal jurisdiction. In looking, then, to see what the provisions were in regard to the change of venue in civil actions, we found enactments in different chapters which had to be construed together and harmonized as far as possible. Sec. 60, chap. 117, R. S., provided that in all cases where a change of venue is allowed for the reasons of interest or prejudice on the part of the *county judge*, the cause should not be remitted to another county, but should be removed to the circuit court. This provision was held to be a part of the statute law relating to the change of venue in civil actions, and therefore the result of the various' enactments was, " that where the grounds for such change do not require another county, the change may be to another court in the same county having lawful authority to try the case." And that principle was made applicable to a change of venue in a *criminal case* on account of the prejudice of the judge of the

municipal court, because, as the statutes then stood, this was the " manner provided by law for a change of venue in civil actions." But the question before the court and really decided was, that when an application was made in a criminal case for a change of venue on account of the prejudice of the judge of the municipal court of Milwaukee, all the provisions concerning a change of venue in civil actions were to be regarded — as well those relating to a change from the *county courts* as those which refer to a change from the circuit courts — and that the result of all these various enactments was to authorize in *such a case* a change to the circuit court of the same county. This, however, does not establish a general rule for all cases civil and criminal. A municipal court may be vested with a more enlarged jurisdiction than that vested in the county courts, and provisions regulating the practice in county courts do not necessarily control the practice in municipal courts. In the organization of the municipal court of Ripon, the legislature seems to have conferred upon that court powers in respect to the removal of causes co-extensive with the circuit courts, with the exception of those cases arising under sec. 31.

For these reasons we think the order of the municipal court, sending the cause to Green Lake circuit court for trial, must be affirmed.

*By the Court.*— Order affirmed.