## ATKINS and others vs. FRAKER.

(1) *Construction of statutes.* (2–5) CONSTITUTIONAL LAW: *Municipal courts — Limits of their jurisdiction.* (6) *Waiver of objections to jurisdiction.*

1. A statute will always be so construed as not to avoid it, if its words fairly admit of such a construction.
2. Under sec. 2, art. VII. of the constitution of this state, the jurisdiction of a municipal court cannot be extended beyond the limits of the municipality. *Lane v. Burdick* (17 Wis., 92), and *Brockway v. Carter* (25 Wis., 500), overruled. Hence

   (1.) In local actions (as those for recovery of land, or affecting title thereto, or those for injury to personal property) the subject of the action must be situate within the municipality.

   (2.) In all actions the process of the court must be served within the municipality.

   (3.) In transitory actions, the voluntary appearance of a defendant residing outside of the municipality will give jurisdiction of his person.
3. The charter of a village (P. & L. Laws of 1871, ch. 394, sec. 46) provides that the police justice shall hold his office *for one year,* and shall qualify in the same manner, and have the same jurisdiction, and be governed by the same laws, as justices of the peace in the several towns of this state; and shall have exclusive jurisdiction to the amount of $200 of all actions brought under said charter and the ordinances of said village. *Held,*

(1.) That the police justice of said village is not a justice of the peace, but his court is a *municipal court* within the meaning of the constitution.

(2.) That if said officer were a J. P., so much of said act as creates the office would be invalid, because the constitution (sec. 15, art.VII.) fixes the term of office of a J. P. at *two years*.

(3.) That the term of office of said police justice as judge of a municipal court might be fixed at any period not exceeding the term of a circuit judge. Const., art. VII., sec. 2.

(4.) That so much of the act as attempts to give said police justice jurisdiction throughout the county is invalid.

(5.) That the invalidity of this provision does not avoid the whole section, but it is valid so far as it confers jurisdiction within the village. *Slauson v. Racine*, 13 Wis., 398.

4. *State ex rel. Stark v. McArthur* (13 Wis., 383), cited, and the grounds upon which the validity of the act establishing the "Municipal Court of the city and county of Milwaukee," and defining its jurisdiction, may be sustained, discussed per Dixon, C. J.

5. The legislature may confer upon a municipal court jurisdiction within the municipality equal to that of the circuit court. *State ex rel. Rogers v. Judge, etc.* (11 Wis., 50), explained.

6. Where defendant appears and contests the action on the merits, this is a *waiver* of all objections to the jurisdiction of the court over his person in the action.

APPEAL from the Circuit Court for *Winnebago* County.

Action commenced before the police justice of the village of Omro, in 1872, upon defendant's guaranty of payment of a certain promissory note, amounting, with accrued interest, to $131. The defendant appeared and defended the action ; and judgment was rendered against him, from which he appealed to the county court. By leave of that court plaintiff filed a new complaint, and defendant a new answer; and, the case having come on for trial, the county court made an order dismissing the case on the ground that the court below had no jurisdiction to try any civil action. From this order the plaintiff appealed.

*A. K. Brush*, for appellant, argued that the police court of Omro is not that of a justice of the peace, but one of the

Atkins and others vs. Fraker.

" inferior courts " which the legislature is authorized to establish under sec. 2, art. VII. of the constitution; that the charter does not confer the office of police justice upon any other officer of the village; and that in both these respects the case differs from *State v. McDonald*, 3 Wis., 805, and *State v. Hadley*, 7 id., 700.

*Freeman & Allen*, for respondents, contended that the police justice of the village of Omro, under the charter (ch. 394, P. & L. Laws of 1871), is clearly a justice of the peace, having the same jurisdiction as other justices of the peace in the county, and qualifying in the same manner; that the provisions of the charter are unconstitutional in providing that such police jutice shall hold his office for only one year (Const. of Wis., art. VII., sec. 7), and in providing that other village officers may hold the office (*State v. McDonald*, 3 Wis., 805; *State v. Hadley*, 7 id., 700); and that the justice had therefore no authority to try civil cases, and all his proceedings in this action were void.     *Wanzer v. Howland*, 10 Wis., 8.

DIXON, C. J.   The case presents an important constitutional question, and, unwelcome as the task may be, it also involves the review and overruling of at least two previous decisions of this court.   The question arises under section 2, art. VII. of the constitution, and section 46 of ch. 394, P. & L. Laws of 1871, entitled " an act to amend and consolidate the charter of the village of Omro."

Section 2, art. VII. of the constitution reads:     " The judicial power of this state, both as to matters of law and equity, shall be vested in a supreme court, circuit courts, courts of probate, and in justices of the peace.   The legislature may also vest such jurisdiction as shall be deemed necessary in municipal courts, and shall have power to establish inferior courts in the several counties, with limited civil and criminal jurisdiction.   *Provided*, That the jurisdiction which may be vested in municipal courts shall not exceed, *in their respective munipalities*

that of the circuit courts in their respective circuits, as prescribed by this constitution, and that the legislature shall provide as well for the election of judges of the municipal courts as of the judges of the inferior courts, *by the qualified electors of the respective jurisdictions.* The term of office of the judges of the said municipal and inferior courts shall not be longer than that of the judge of the circuit courts."

Section 46 of the charter of the village of Omro is in these words: "The police justice shall hold his office during the same term as other village officers, and qualify in the same manner that justices of the peace in the several towns in this state qualify, and have the same jurisdiction and be governed by the same laws that govern justices of the peace in the several towns in this state, and shall have exclusive jurisdiction, to the amount of two hundred dollars, of all actions brought under this charter, and the ordinances passed under the same; and no officer except the street commissioner, clerk and marshal herein named shall be incompetent to hold the office of police justice."

Section 2 of the charter provides that all the officers of the corporation shall be elected annually, and consequently that their term of office shall be but one year.

Section 15, art. VII. of the constitution, provides that the term of office of justices of the peace shall be for two years and until their successors in office shall be elected and qualified, and that they shall have such civil and criminal jurisdiction as shall be prescribed by law.

It is prescribed by law that the civil and criminal jurisdiction of justices of the peace shall be co-extensive with the limits of the county in which they are elected. R. S., ch. 120, sec. 1, and ch. 121, sec. 1; 2 Tay. Stats., 1351, § 1, and 1407, § 1.

Assuming the office of police justice of the village of Omro to be identical with that of a justice of the peace, and that the incumbent is such an officer, designated only by a different name, counsel for the defendant argue that the provision of the

charter is invalid because the term of office is limited to one year, and not extended to two as required by the constitution. This we regard as an erroneous view, believing that the police court provided for by the charter is rather to be looked upon as a municipal court, within the meaning of the constitution, than as a court of a justice of the peace. The very provision to which counsel object is no slight evidence that such was the legislative intent, for it must have been well known that as a justice of the peace his term of office could not have been less than two years. It is always the duty so to construe as not to avoid a legislative enactment, whenever by any fair interpretation its words may be so·applied as to subserve a valid and constitutional purpose. The reference to the powers and jurisdiction of justices of the peace was for convenience in ascertaining and defining the powers and jurisdiction of the police justice, and not for the purpose of making his office and court identical with those of a justice of the peace. As a police justice or judge or presiding magistrate of a municipal court by the name given in the act, it was competent for the legislature to make his term of office one year or any longer term not exceeding that of the judges of the circuit courts; and we must consequently hold that the act is in this respect valid.

But although we are opposed to counsel in the view above taken, we are constrained to concur with them in another, namely, that the provision is invalid so far as it attempts to confer upon the police justice jurisdiction co-extensive with that of justices of the peace throughout the county, or anywhere outside the territorial limits of the village of Omro. As a judge or justice of a municipal court his jurisdiction cannot extend beyond the boundaries of the village within and for which he is elected. This conclusion seems very plain from the language of sec. 2, art. VII. of the constitution, above quoted. The phraseology is very aptly chosen to indicate such intent on the part of the framers. The words in italics point to a jurisdiction within the municipality, and one so localized

and limited as not to be extended beyond its boundaries. In actions local in their nature, therefore, such as actions for the recovery of the possession of land or affecting its title, or actions for injuries to real property, the subject of the action must be within the municipality. In all actions the process of the court must be served within the same territorial limits, and cannot be served beyond. In all transitory actions the voluntary appearance of the defendant, whether he resides within or without the muuicipality, will give jurisdiction over his person, the same as in any other court.

The conclusion thus reached is in direct conflict with the two decisions of this court in the cases *Lane v. Burdick*, 17 Wis., 92, and *Brockway v. Carter*, 25 Wis., 510; and those decisions must be overruled. The same section of the constitution underwent very thorough examination in *State ex rel. Stark v. McArthur*, 13 Wis., 383, in an opinion by Mr. Justice PAINE; and how, after that decision, the two others above referred to could have fallen from the same bench, is certainly more than I can explain. It seems to me, on recurring to the case last cited, that Mr. Justice PAINE might have saved himself some labor by regarding the municipal court in the city and county of Milwaukee as one of those authorized by the constitution under the denomination of "inferior courts in the several counties." Such appears to have been its true character, and, although the legislature saw fit to name it "a municipal court," yet that worked no substantial change. The real nature of the jurisdiction was the same by whatever name the legislature chose to call the court, and as the framers of the constitution were not dealing with mere names, or establishing them, but the substance of jurisdictions and powers, it would seem that such substance only ought to be regarded in the investigation of cases and questions arising under the provision. The judge of the municipal court of the city and county of Milwaukee is elected by the qualified electors of the city and county, throughout which the jurisdiction of the court extends. Laws

of 1860, ch. 59.   But whether I am right in these suggestions or not, it is perfectly clear that Mr. Justice PAINE understood what he was about when he wrote the opinion in the case, and that I did not when I wrote that in *Lane v. Burdick*.   The truth seems to be, and undoubtedly is, notwithstanding the reference in the brief of counsel (if it was then before us), that no attention whatever was given to the provision of the constitution, and the cause was decided as if no such provision existed.   *Brockway v. Carter* was a repetition of the same mistake.   It was wrong in the former to hold that the process of the municipal court of the city and town of Ripon could be served outside of the territorial limits of the city and town, and in the latter to hold that the court had or could acquire jurisdiction of an action to foreclose a mortgage of land situate without the same territorial limits.

It has sometimes been supposed that the same decisions were also erroneous in another particular, arising under the same section of the constitution.   It will be seen from the cases that the act creating the municipal court of the city and town of Ripon gave the court "jurisdiction in all civil actions, both as to matters of law and equity, *equal to and commensurate with* the circuit court for the county of Fond du Lac, within the city and town of Ripon."   It has been suggested that the act was invalid by reason of the jurisdiction which it thus conferred — that it was incompetent for the legislature to give jurisdiction commensurate with and equal to that possessed by the circuit court of the county, and the case of *The State ex rel. Rogers v. Judge of County Court of La Crosse*, 11 Wis., 50, has been referred to as sustaining this position.   A moment's consideration will show the error of this suggestion.   In the case last referred to, the act conferring jurisdiction upon the county court of La Crosse county was held unconstitutional because that was one of the "inferior courts in the several counties" spoken of in the constitution.   It was held that, being an *inferior* court in the sense of that instrument, the legislature could not confer

upon it jurisdiction concurrent and co-extensive with that possessed by the circuit court. But the authority of the legislature to confer the like jurisdiction upon *municipal* courts finds express sanction in the words of the proviso, " that the jurisdiction which may be vested in municipal courts *shall not exceed*, in their respective municipalities, that of circuit courts in their respective circuits, as prescribed in this constitution." Jurisdiction commensurate with and equal to that of the circuit courts may, therefore, be conferred upon municipal courts within their respective municipalities. But, erroneous as the decisions under consideration were in the one particular named, we are glad of an opportunity to correct the mistakes into which hasty examinations and want of time must occasionally, and far too often we fear, almost unavoidably lead us.

But, to return to the points presented by the act now before us, the question arises, whether, it being void in part and in part valid, we may reject the void and retain the valid, or whether the whole section must be rejected. As to the jurisdiction conferred within the village, the act is valid. As to that attempted to be conferred without the boundaries of the village, or throughout the county, the act is void. The rule of construction or of law in such cases is correctly stated in *Slauson v. The City of Racine*, 13 Wis., 398. We are of opinion that the act is valid so far as it confers jurisdiction within the territorial limits of the village, and that it is to be rejected as invalid only as to the residue of the jurisdiction attempted to be conferred.

The record shows that the defendant appeared before the police justice and contested the action of the plaintiff on its merits. This was a waiver of any defect in the service of process, if the same was in any manner irregularly or defectively served. It was an appearance in the action, which gave the court jurisdiction of the person of the defendant; and consequently no objection to the jurisdiction of the police justice could be taken on appeal in the county court. The county

court erroneously dismissed the action for want of jurisdiction in the police court; and its order must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — It is so ordered.