38 197,
75 326
75 329

## JENKINS VS. MORNING.

POLICE COURT OF CHIPPEWA FALLS: (1) *Though a municipal court, subject to provisions of the justice court act relative to removal of causes for prejudice.* (2) *On affidavit of prejudice, tender of fees, etc., loses jurisdiction.* (3) *May send cause to J. P. elected under city charter.*

TENDER OF FEES. (4, 5) *When objection to its sufficiency must be taken.*

1. The charter of Chippewa Falls provides for the election of a police justice in that city, and, besides vesting in him certain exclusive criminal jurisdiction, declares that he shall have "all the authority, powers and rights of a justice of the peace in civil proceedings," and that the same proceedings shall be had in all civil and criminal suits before him, when not otherwise directed in said charter, " as are required to be had in civil and criminal actions, by the laws of this state, before a justice of the peace." There are no specific provisions in said charter for the removal of causes from said police justice, for his prejudice, to another court. *Held*, that the provisions of the general justice's court act (ch. 120, R. S.) upon that subject are applicable to said police court, notwithstanding the fact that it is properly a "municipal court," within the meaning of the state constitution.

2. Where, therefore, the defendant in an action before said police justice, on the return day of the process, before any other proceedings on his part, makes the oath and tenders the fee required by sec. 47 of said last mentioned act, it is the duty of the police justice to send the cause for trial to the nearest justice of the peace; and he himself loses jurisdiction of the action.

3. A justice of the peace *elected under said city charter* is authorized to take jurisdiction of a cause duly removed from the police justice on the ground of prejudice.

4. The defendant in such a case, instead of tendering the police justice the precise statutory fee for copying his docket, etc., offered him a bank note of larger amount " from which to take his fees; " but the record shows that the removal was not refused on that ground, but merely from a supposed want of authority to grant it. *Held*, that the question of the sufficiency of the tender is not raised by the record.

5. If such a tender in such a case is bad, the justice should distinctly state that objection at the time, and *give the party an opportunity to* tender the precise sum.

APPEAL from the Circuit Court for *Chippewa* County.

Action brought in the police court for the city of Chippewa Falls. The defendant, on the return day of the summons, appeared specially for the purpose of moving for a change of venue, and filed an affidavit of the prejudice of the police justice, in accordance with the general statute relating to justices' courts, at the same time tendering the justice a five-dollar bill from which to take his fees. The justice made no objection to the tender, but indorsed on the affidavit a statement that the proper amount of his fees had been tendered therewith, refusing the application upon the sole ground that he had no authority under the charter of the city to remove a cause commenced before him.

The defendant making no further appearance in the case, judgment was rendered against him, which was affirmed by the circuit court on *certiorari*. From the judgment of the latter court the defendant appealed.

*Meggett & Teall* and *C. J. Wiltse*, for appellant, cited 2 Bouv. Law Dic., p. 379, as to the meaning of the word "proceeding,"

and ch. 169, Laws of 1873, the revised charter of Chippewa Falls, and 2 Tay. Stats., ch. 120, § 52, on the question of removal.

*Wheeler & Marshall*, for respondent, argued that the application for a removal was properly denied, for the reason that the tender of a five-dollar bill to the justice, from which to take his fees, was not a compliance with the statute, and because there was no authority for granting such removal; that the police court is not a justice's court, but a municipal court (*Atkins v. Fraker*, 32 Wis., 510, and *Connors v. Gorey*, id., 518); that its powers are limited strictly by statute; and that neither in the city charter, under which it is organized, nor in the general statutes, is there any authority for removing a cause from a police or municipal court to a justice's court, or *vice versa*.

Cole, J.    We are of the opinion that the police justice lost all jurisdiction to try this action, on the application made for its removal.

On the return day of the summons, the defendant made and filed his affidavit that from prejudice or other cause he believed the police justice would not impartially decide the matter. The general statute in regard to justices' courts provides that in all cases where the defendant, on the return day of the process, and before any proceedings are had on his part, shall make an oath that, from prejudice or other cause, he believes such justice will not decide impartially in the matter, and shall pay the justice seventy-five cents for making a copy of his docket and transmitting the papers in the case, such justice shall immediately transmit all the papers in the cause to the nearest justice, who is authorized to proceed and try the cause in the same manner as though the same had been commenced before him.    Sec. 47, ch. 120, R. S.    This provision undoubtedly secures to the defendant the absolute right to a removal of the cause upon complying with its terms; and the question is, whether it applies to the police court of the city of Chippewa

Falls.   The police justice held that he had no right under the charter, nor by the general statutes, to send the cause to a justice of the peace for trial; and in this view the circuit court probably concurred.

The police court created by the charter is doubtless a municipal court under the decisions in *Atkins v. Fraker*, 32 Wis., 510, and *Connors v. Gorey*, id., 518; and it is argued on the part of the plaintiff that there is no authority whatever for removing a cause from that court to a justice's court, and that the justice act has no application to it.   This calls for an examination of the provisions of the city charter in reference to the police court.

Sec. 15, ch. 4 of the charter (see ch. 169, Laws of 1873), confers jurisdiction upon the police justice in the following language:   "The police justice shall have and possess all the authority, powers and rights of a justice of the peace in civil proceedings, and shall have sole, exclusive jurisdiction to hear all complaints, and conduct all examinations and trials in criminal cases within the city, cognizable before a justice of the peace, in which the city is a party."   "The said justice   *   * shall have exclusive jurisdiction of all suits, prosecutions and proceedings for the recovery of any fine" or penalty under the ordinances or by-laws of the city; and it is provided that "the same proceedings shall be had in all civil and criminal suits before said justice, when not otherwise herein directed, as are established and required to be had in civil and criminal actions, by the laws of this state, before a justice of the peace."

Here it will be seen there is no attempt to define the jurisdiction of the police justice in a certain class of causes, except by reference to the statutes which determine the jurisdiction of a justice of the peace.   The police justice in civil actions takes the jurisdiction and exercises the powers and authority of a justice within the municipality.   And in placing a construction upon this clause of the charter, it is necessary to look into the justice act in order to give it meaning and effect.   It is en-

tirely dependent on that act; and in a certain sense the provisions of the justice act, so far as applicable, become by reference a part of the charter. The provisions of the justice act in regard to the commencement of suits, the amount in controversy, the issuing and return of process, adjournment, and the whole mode of procedure in civil actions, regulate and govern such actions before the police justice. And when the justice act expressly provides for the removal of a cause on account of the prejudice or improper bias of the justice before whom it is commenced, we see no ground or reason for excluding that provision, and saying that it is inapplicable to the police justice. It seems to us that the provision does apply, and that it is as controlling upon the police justice as it is upon a justice of the peace. For, as already observed, in order to construe the clause of the charter conferring jurisdiction upon the police justice, resort must necessarily be had to the statute regulating the jurisdiction of a justice, and in no other way will the clause be rendered complete and intelligible. The police justice, within the city limits, in a civil proceeding, possesses and takes " all the authority, powers and rights of a justice of the peace;" that is, whatever jurisdiction and power are conferred upon a justice by the laws of the state in such an action, are expressly conferred, by reference, on the police justice. And as the statute gives the power and makes it the duty of a justice to remove a cause upon a proper application, so also the statute gives the same authority, and makes it equally the duty of the police justice, to remove the cause upon a like application. It seems to us there is no escape from this conclusion, if we consider the dependence or connection between this clause of the charter and the general statute referred to.

It is said on the part of the plaintiff, that the application for the removal was not in compliance with the statute, because seventy-five cents were not tendered the police justice for making a copy of his docket and transmitting the papers to the nearest justice qualified to try the cause. On the back of

the affidavit the police justice made this statement: "75-100 dollars tendered before any other proceedings were had on the return day of the summons." In the return to the writ of *certiorari*, the police justice states that the defendant "made and filed his affidavit of prejudice, and tendered the court a five-dollar bill from which to take his fees." It is very clear the police justice did not refuse to remove the cause upon the technical ground that the tender of his fees was not good, but solely, as he states, because he had no right or authority to grant the removal. The question, therefore, whether the tender was sufficient, is not before us, though we may remark, without deciding the point as to its sufficiency, that even if it were not a proper tender, the justice should distinctly state his objection at the time, and give the party an opportunity to tender the precise sum, if that were necessary.

There can be no doubt that a justice of the peace elected under the city charter would have been authorized to take jurisdiction of the cause and to try it, had the police justice transmitted the papers, as he should have done on the application. See sec. 5, ch. 4 of the city charter.

It follows from these views that the judgment of the circuit court must be reversed, and the cause must be remanded with directions to that court to reverse the judgment of the police justice for want of jurisdiction.

*By the Court.* — It is so ordered.