## MATHIE vs. McINTOSH.

CONSTITUTIONAL LAW: MUNICIPAL COURT. *(1) What constitutes a municipal court. (2) Its jurisdiction in local actions. (3) Lack of jurisdiction of subject matter not waived.*

1. The charter of the city of Wausau provides for a police justice, whose term of office is two years, and who has the power and jurisdiction of a justice of the peace, and exclusive jurisdiction of all cases arising under the city charter and ordinances, with the same power in cases of contempt as a court of record. *Held,* that the court so created is a "municipal court," within the meaning of sec. 2, art. VII of the state constitution. 32 Wis., 510 and 518; 38 id., 197 and 218.

2. In respect to *local* actions, the constitution restricts the jurisdiction of a municipal court to the municipality (32 Wis., 518); and such a court has therefore no jurisdiction of an action for trespass to real estate situate outside of the municipal limits. 37 Wis., 324.

3. An objection to the jurisdiction of the court over the subject matter is never waived; and a judgment against defendant in an action for trespass to realty outside of the city of Wausau is reversed, on the ground that the police court of that city, in which the action was commenced, had no jurisdiction thereof, although the objection was not raised either in that court or in the circuit court on appeal.

APPEAL from the Circuit Court for *Marathon* County.

Mathie vs. McIntosh.

Action of trespass *quare clausum*, commenced in the police court of the city of Wausau. The premises in question are situated outside of the limits of that city. The trial before the justice resulted in a judgment against the defendant. On appeal to the circuit court, judgment was again rendered against him, from which he appealed to this court.

No objection to the jurisdiction of the court was made by the defendant either before the police justice or in the circuit court.

The cause was submitted on briefs.

*Silverthorn & Hurley*, for appellant:

1. The police court created by the charter of the city of Wausau is a municipal court within the meaning of the constitution. 2. So much of said charter as attempts to give the police justice jurisdiction throughout the county of Marathon, is invalid. 3. This action is local in its character, and, being for trespass to land outside of the limits of the city of Wausau, was beyond the jurisdiction of said police justice. *Atkins v. Fraker*, 32 Wis., 510; *Connors v. Gorey*, id., 518. 4. The police court having no jurisdiction, the circuit court acquired none by the appeal. *Stringham v. Supervisors*, 24 Wis., 594. *Burker v. Baxter*, 1 Pin., 407; *Felt v. Felt*, 19 Wis., 193. 5. An objection to want of jurisdiction "is never waived, but may be taken at any time, either on appeal or when the question of jurisdiction is collaterally involved." *Peck v. School District*, 21 Wis., 522; *Damp v. Town of Dane*, 29 id., 432. Such an objection may be raised for the first time in this court. *Krueger v. Pierce*, 37 Wis., 269; *Dewey v. Hyde*, 1 Pin., 469; *Klaise v. The State*, 27 Wis., 462.

*Carl H. Mueller*, for respondent, contended that as the legislature may constitutionally give to a circuit court power to try local actions, the subject of which lies outside of its territorial limits, unless defendant asks for a change of the place of trial, it may, under sec. 2, art. VII of the constitution, confer a similar power upon municipal courts.

COLE, J. The charter of the city of Wausau (ch. 232, Laws of 1873) provides for the election of a police justice whose term of office is two years. Sec. 4. The power and jurisdiction of a justice of the peace are conferred upon such police justice, and he has exclusive jurisdiction in all cases arising under the city charter and city ordinances, without regard to the nature of the action or amount in controversy, with the same power in cases of contempt as a court of record. Sec. 22. The police court thus created must be deemed a municipal court within the meaning of the constitution; and the reasoning in the cases of *Atkins v. Fraker*, 32 Wis., 510; *Connors v. Gorey*, id., 518; *Jenkins v. Morning*, 38 id., 197; and *Zitske v. Goldberg*, id., 218, fully applies, and determines the extent of its jurisdiction. It is true that in *Atkins v. Fraker* and *Jenkins v. Morning* the police justice was elected for only one year, while in the case before us he is elected for two. But this is an unimportant difference, and does not in any essential way change the character of the court. It was competent for the legislature, in establishing the court, to make the term of the police justice one or more years, not exceeding that of a judge of the circuit court. *Atkins v. Fraker*. Consequently we must hold that the police court created by the charter is a municipal court, though the term of office of the justice thereof is the same as that of a justice of the peace.

The action in this case is for trespass upon real estate which is situated outside the limits of the city of Wausau. It was strictly local, as distinguished from a personal action, according to all the authorities. *Bettys v. The Milwaukee & St. Paul R'y*, 37 Wis., 324. And as the subject of the action was without the municipality, the police court had no more authority to try the cause than it would have had if the real estate had been situated in another county. In respect to local actions the jurisdiction of the municipal court under the constitution is restricted to the municipality. *Connors v. Gorey*. The record shows that the defendant was arrested on a war-

rant, and was brought before the police justice court, where he interposed a plea of not guilty and a former suit, in bar. Upon judgment being rendered against him, he took an appeal. But no objection was taken in the police court that it had not jurisdiction of the subject of the action; nor was this objection taken in the circuit court. The question is, Was the objection waived by the defendants going to trial on the merits? We think it was not. The rule is, that an objection to the jurisdiction of the person may be waived by the act of the party: an objection to the want of jurisdiction of the subject matter "is never waived, but may be taken at any time, either on appeal or when the question of jurisdiction is collaterally involved." DIXON, C. J., in *Peck v. School District*, 21 Wis., 518–522. *Damp v. Town of Dane*, 29 Wis., 420, lays down the same rule. In *Connors v. Gorey*, the objection that the court had no jurisdiction of the subject matter of the action, was taken for the first time in the circuit court, and this court held that it was then available for the defendant. And this ruling was upon the principle stated by DIXON, C. J., in the *Peck Case*, that want of jurisdiction of the subject matter may be taken advantage of at any time. See also sec. 9, ch. 125, R. S., which states what objections shall be deemed waived when not raised in a proper manner by the pleadings. Our conclusion therefore is, that as the realty which was the subject of the action was situated outside the limits of the municipality, the police court had not the right to try the action, and that there is no ground for saying the objection was waived by the defendant.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded with directions to reverse the judgment of the police court for want of jurisdiction.