## THE STATE VS. ALLISON.

CRIMINAL LAW.    *When case may be reported from municipal court.*

The statutes of this state do not authorize the judge of the municipal court of Milwaukee county to *report* a case to this court for the determination of questions of law arising therein, where the defendant has been prosecuted and tried on complaint, as in cases before justices of the peace, without information or indictment.

REPORTED by the Judge of the Municipal Court of *Milwaukee* County.

*F. C. Winkler*, for the defendant.

For the state, there was a brief by the *Attorney General*, and oral argument by *H. W. Chynoweth*, Assistant Attorney General.

LYON, J.   A complaint was made to the municipal court of Milwaukee county, against the defendant, charging him with assault and battery, and a trial was had in that court, which resulted in a verdict of guilty. The municipal judge thereupon reported the case for the opinion of this court on certain questions of law involved therein.

We are to determine whether the statutes authorize the municipal judge to report a case to this court where the defendant had been prosecuted and tried on complaint (as in cases before justices of the peace), without information or indictment.

The authority to report a case to this court is given, by the general statute on that subject, to the circuit judge alone, and is confined to cases tried in the circuit court. R. S., sec. 4721.

Section 2500, as amended by section 2, ch. 256, Laws of 1879, which relates to the municipal court of Milwaukee county, provides that "the general provisions of law which may at any time be in force relative to circuit courts, and actions and proceedings therein, in cases of crimes and misdemeanors, shall relate also to said municipal court, *unless inapplicable*." The authority to report this case, if it exists, must be found in the above provision.

The statute confers upon the municipal court of Milwaukee county a twofold jurisdiction: *First*, a concurrent jurisdiction with the circuit court in all cases of crimes and misdemeanors arising in that county, and exclusive appellate jurisdiction of all crimes and misdemeanors tried before justices of the peace therein. Examinations, recognizances and commitments for trial in criminal cases arising in the towns of that county and not triable before justices of the peace, are returnable to the municipal, instead of the circuit court. Section 1, ch. 256, Laws of 1879. All this is circuit court jurisdiction proper. *Second.* By chapter 256, *supra*, read in connection with the procedure act of 1853, mentioned in section 3, such municipal court has exclusive jurisdiction of prosecutions for all offenses committed in the city of Milwaukee, otherwise cognizable by justices of the peace, under the general statutes on that subject (R. S., sec. 4739), and for violations of ordinances, rules and regulations of that city. We have here no concern with prosecutions for the violation of ordinances; but the criminal

jurisdiction thus conferred by the statute is the jurisdiction of a justice of the peace, and nothing more.

This case belongs to the latter class. In its inception and progress to conviction no peculiar circuit court powers were exercised, but the prosecution was instituted as it would have been had the complaint been made to a justice of the peace; and to a considerable extent the procedure in the municipal court was controlled by the provisions of the statute giving jurisdiction to justices of the peace to hear, try and determine such prosecutions. For example, it was necessary to go to that act to ascertain whether the defendant might lawfully be prosecuted summarily; that is, without formal information. See *Jenkins v. Morning*, 38 Wis., 197; *Mathie v. McIntosh*, 40 Wis., 120.

Moreover, section 4 of the act of 1879, amendatory of section 2511, R. S., allows cases of the second class above mentioned, in certain contingencies, to be tried before any justice of the peace of Milwaukee county who may be designated for that purpose by the municipal judge; and such trials may be so had when a regular term of the municipal court, presided over by the judge thereof, is in actual session. This fact illustrates the broad distinction made by the statute between the two classes of cases.

Keeping in mind the distinction between the two classes of cases over which the municipal court has jurisdiction, we cannot think that the legislature intended to place the latter class in all respects on the same footing as the former. We do not think that the act of 1879 contemplates that the authority given by statute to the circuit court to report a case to this court should be extended so as to confer that authority upon the municipal judge, or the justice of the peace sitting for him, in cases of summary conviction — in which cases the court only exercises the functions of a justice's court. In other words, we think section 2500, R. S., as amended, is not applicable to such a case, and hence not within the provision of section 2 of the act of 1879 above quoted.

Had the legislature intended to give to justices of the peace, or to courts exercising the ordinary jurisdiction of justices of the peace, the power to report cases of summary convictions for offenses, and to impose upon this court the onerous duty of determining all questions of law which might be presented in such reports, it is fair to presume that the statute would have expressed such intention directly and unequivocally. A doubtful inference is not sufficient to establish a change in the law so important and far-reaching.

It must be held, therefore, that the statute confers no authority upon the municipal judge to report this case to this court, and hence that we have no jurisdiction to determine on such report the questions of law submitted therein.

Our decision goes entirely upon the construction of the statutes, and we purposely avoid expressing or intimating an opinion upon any constitutional question which may be raised upon those statutes, or which would arise were the legislature to enact that the municipal judge might report a case of summary conviction to this court.

It follows that this court cannot entertain the report, or make any order in the case, except to direct the clerk to remit to the court below the record of that court sent here with the report. *State v. Parish*, 42 Wis., 625.

*By the Court.* — So ordered.