## CRAVEN vs. CRAVEN.

*Divorce Suit—Place of Trial.*

1. For the purpose of bringing or defending a divorce suit, the wife may acquire a domicil or residence distinct from that of the husband.
2. Where the parties reside in different counties, the suit may be commenced in either (sec. 8, ch. 111, R. S.); but where it is brought in that of plaintiff's residence, defendant is entitled to have it removed to his or her county, under sec. 4, ch. 123, R. S.

APPEAL from the Circuit Court for *Green* County.

Action for a divorce, brought by the husband, on the ground of desertion by the wife. Answer, a denial, and a demand for divorce, etc., upon the ground of cruel and inhuman treatment and adultery on the part of plaintiff. The defendant appeals from an order refusing to change the place of trial to Dane county. The grounds upon which such change was demanded, will appear from the opinion.

*Lewis, McKenney & Tenney*, for appellant, to the point that, for the purpose of bringing an action for a divorce, the wife may have a different domicil from the husband, cited 15 How. Pr. R. 497, 576; 14 Pick.

185; 10 Mass. 62, 360; 2 Code Rep. 118; 24 Ind. 335; 14 Mass. 231; 2 id. 153, 167; 3 id. 184; 2 C. & H.'s Notes, 879; *Irby v. Wilson,* 1 Dev. & Bat. Eq. 568–582; *Harding & Alden,* 9 Greenl. 140; 4 Chand. 96; 3 Wis. 662; 4 id. 64; 22 id. 256; Bishop on M. & D. § 731. They also contended that the provisions of sec. 8, ch. 111, and sec. 4, ch. 123, R. S., are not in conflict; that the former operates as a restriction upon the general jurisdiction of the circuit courts in divorce suits, confining the jurisdiction to the county where one of the parties resides; and that the latter applies to divorce suits as well as to other civil actions not expressly excepted, and gives the defendant therein the right to have the cause removed for trial to the county of his or her domicil, although the circuit court of the county in which the plaintiff resides may take jurisdiction of the cause in the first instance, and may retain jurisdiction if no demand is made for a change of venue.

*B. Dunwiddie,* for respondent, contended that, under sec. 11, ch. 191, R. S., the provisions of ch. 111, as relating specifically to suits for divorce, must apply in determining the place of trial of such actions, rather than the more general provisions of ch. 123.

COLE, J. This is an appeal from an order refusing to change the place of trial from Green county to Dane county. No objection is taken to the time or manner in which the application for the change was made. The action is for a divorce from the bonds of matrimony, and was commenced by the husband in Green county, where he resides. It appears from the affidavit of the defendant, used upon the motion, that she is a resident of the county of Dane, and has resided in that county for about twenty-six years, except for about two months, from the 1st of March to the 1st of May, 1869, when she resided in Columbia county; but that since the last named day she has resided in

this city, and has kept house here, and her children have resided with her at this place. The summons and complaint were served upon the defendant in this city, at her residence, and she claims that she is entitled to have the action tried in this county.

The correctness of the position, that for the purposes of a divorce the wife may have a domicil separate from her husband, was not seriously questioned upon the argument by the counsel for the plaintiff. The defendant has, as a matter of fact, a domicil and home in this city, where she resides with her children. In a number of cases which have come before this court, the doctrine has in effect been recognized, that the wife, for the purpose of bringing a suit for a divorce, may acquire a residence separate from her husband; and from the necessity of the case this rule is essential to make effectual her right to maintain such an action. See *Hubbell v. Hubbell*, 3 Wis. 662; *Phillips v. Phillips*, 22 id. 256; *Shafer v. Bushnell*, 24 id. 372. And if the defendant had brought the action, asking to have the marriage dissolved for the causes stated in her answer—as it is apparent she might have done— the husband's domicil, for the purposes of the litigation, would not have been deemed the domicil of the wife.

But, as this point was not seriously controverted upon the argument, we proceed to a consideration of the question, whether section 4, chap. 123, R. S., applies to actions for a divorce. If it does, then it is manifest that the order refusing to change the place of trial from Green to Dane county must be reversed.

It is claimed by counsel for the plaintiff, that the section first referred to does not apply to this action, but that section 8 of the chapter on divorce (chap. 111 R. S.) controls and fixes the place where the trial is to be had. Sec. 8 of chap. 111, in effect, provides that an action for a divorce must be brought in the circuit court of the county " where the parties

Craven vs. Craven.

or one of them reside, on application by petition or complaint of the aggrieved party." The spirit and letter of this section would have been fulfilled if the suit had been brought either in Green or Dane county. This is too plain to need comment. Now, section 4, chap. 123, provides—with certain exceptions, which do not include an action for divorce—that the action shall be tried in the county where the defendant resides at the commencement of the action, and is served with process, providing the defendant, before the time for answering expires, demands in writing that the trial be had in the proper county. This is a general statute regulating the place of trial of civil actions, and the language is surely comprehensive enough to embrace an action for divorce. What reason, then, is there for holding that it does not apply to such an action? We confess we can perceive none; and have no doubt that it does apply to actions for divorce. There is really no conflict between this provision and section 8 of the divorce chapter. The latter section permits the action to be brought in the county where either of the parties resides. In this case the plaintiff chose to bring the action in the county where he resides. The circuit court of that county undoubtedly had jurisdiction to try the cause, subject, however, to the defendant's right to have it tried in the county where she resides. This, as it appears to us, is the only admissible view to take of the two statutes.

The order of the circuit court must therefore be reversed, and the cause remanded with directions to grant the application for a change of the place of trial to the proper county.

*By the Court.*—So ordered.

LYON, J., took no part in the decision of this appeal, having presided at the circuit when the cause was tried.