Montgomery vs. The Town of Scott.

## MONTGOMERY VS. THE TOWN OF SCOTT.

*Change of venue — Waiver.*

On application for a change of venue on account of prejudice of the judge, the cause was transferred to another county, and was there noticed for trial by both parties, and was tried upon the merits. The jury having disagreed, it was again noticed for trial by both parties

at the next term; and at the second trial, after plaintiff's evidence was in, and a motion for a nonsuit had been denied, defendant for the first time objected, and moved to dismiss the action, on the ground that the application for a change of venue was insufficient. *Held*, that any error in the order changing the venue had been *waived*, and the objection was too late.

APPEAL from the Circuit Court for *Dodge* County.

This action was pending in the circuit court for Sheboygan county when the plaintiff filed a written application for a change of venue, as follows: [Title, etc.] "The above named plaintiff hereby respectfully makes application for a change of the place of trial of this action on account of the prejudice of the judge of said circuit court against the applicant and in favor of the said defendant." [Signed by the plaintiff.] To this application was subjoined an affidavit which, omitting the formal part, was as follows: "I, *Alice A. Montgomery*, the above named plaintiff, being sworn, say, that I have heard the foregoing application read, and know its contents, and that the same is true." [Signed by the plaintiff.] The court thereupon made an order changing the place of trial to the circuit court for Dodge county. Afterwards both parties noticed the cause for trial at the February term of the latter court, and it was tried upon the merits, but the jury failed to agree. Both parties again noticed the cause for trial at the October term of said court; and, new attorneys having been substituted for defendant's original attorney on the record, a trial was had before the court and a jury, without objection; and after plaintiff's evidence was all in, defendant moved for a nonsuit for a defect of evidence, and a variance between allegations and proof. The motion was denied, and plaintiff was permitted, against objection, to amend her complaint so as to conform it to the proof; and thereupon defendant asked for time to make an affidavit that the amendment raised a new issue which it was not prepared to try; and this application, and a second motion for a nonsuit on various grounds, being denied, defendant moved to dismiss the action

for want of jurisdiction because of the insufficiency of the affidavit upon which the change of venue was granted. This motion not having been granted, the defendant introduced its evidence, and the cause was submitted to the jury, which returned a verdict for the plaintiff; and thereupon defendant moved to set aside the verdict for various alleged errors, including the refusal of the court to dismiss the action for want of jurisdiction. The court set aside the verdict and dismissed the action; and from this judgment the plaintiff appealed.

*Geo. W. Foster*, for appellant, contended, 1. That the affidavit sufficiently charges prejudice, being made in the language of the statute, and open to no objection which would not equally lie against the ordinary verification of a complaint; that there is no precedent requiring prejudice to be sworn to *directly* (7 Wis., 155; 11 id., 785; 18 id., 400; 2 Wait's Law & Pr., 137); and that in analogous cases prejudice is sworn to in the same manner. R. S., ch. 120, sec. 47, and ch. 18, sec. 87; Tay. Stats., ch. 176, §§ 34, 35. 2. That the plaintiff had by her subsequent proceedings *waived* the objection, and by the voluntary appearance of the parties the circuit court for Dodge county acquired jurisdiction. Wait's Code, sec. 139, and cases cited; Wait's Pr., 557; Till. & Sh. Pr., 390, and cases cited; Herman on Estoppel, § 345; *Tarbox v. French*, 27 Wis., 651; *Grantier v. Rosecrance*, id., 488; *Blackwood v. Jones*, id., 498; *Anderson v. Coburn*, id., 558; 3 id., 307; 4 id., 181; 2 Wend., 505, and note. 3. That the case is provided for by sec. 40, ch. 125, R. S., and also by Tay. Stats., ch. 123, § 13.

*Frisby & Weil*, for respondent, argued that sec. 8, ch. 123, R. S., as subsequently amended (Tay. Stats., 1424, § 10), is to be construed in connection with App. to R. S., p. 1055, sec. 1 (Tay. Stats., 1425, § 14); and that the appellant should allege *directly* the prejudice of the judge, and also that he " fears that he will not receive a fair trial," while in the present case there was neither proof nor charge of prejudice; that this was the

form in *Rines v. Boyd*, 7 Wis., 155, and *Runals v. Brown*, 11 id., 185; that the statute should be strictly construed, as being an innovation upon the common law, and subject to great abuses; that the adjudication of the circuit court for Sheboygan county in making the order for a change of venue was not final, but the Dodge county court could inquire into its jurisdiction (*McNab v. Noonan*, 28 Wis., 434); that sec. 1, ch. 106, Laws of 1870 (Tay. Stats., 1425, § 13) does not apply to a case in which the affidavit was made by the party in person; and that it is doubtful whether the order of the circuit court for Dodge county, dismissing the cause, was appealable.

Cole, J. It may be conceded for the purposes of this case, that the application for a change of the place of trial on account of the prejudice of the judge was not in conformity with the statute upon that subject, and therefore was insufficient had seasonable objection been taken to it on that ground; still, upon the facts, we are clearly of opinion that the defect cannot now be insisted upon, but that the doctrine of waiver applies. The place of trial was changed upon this application to the circuit court of Dodge county, where the cause was twice tried upon the merits. It is true that on the second trial after the notice for a nonsuit was overruled, it appears the defendant moved to dismiss the action for want of jurisdiction, on account of the insufficiency of the application. This was the first time the objection seems to have been taken, and even then the question was not decided by the court, but the defendant introduced witnesses in its behalf. And then, on the motion for a new trial upon the minutes of the judge, the objection is again taken, that the court erred in not dismissing the cause for want of jurisdiction. It seems to us the objection came too late, and should have been disregarded. For the cause was sent to Dodge county, where it was noticed without objection by both parties for trial. It was tried on its merits, and the jury at the first trial failed to agree upon a verdict. It was

again noticed for trial by both parties at the next term of court, and, as already remarked, not until the close of the plaintiff's case at the second trial was the objection raised that the application for the change was not sufficient. The defect, if any existed, was certainly cured by these various steps taken by the defendant, and cannot now be insisted upon.

The circuit court of Dodge county had jurisdiction of the subject matter of the action, and the parties might have gone into that court and tried the cause without any process being issued and served. Consent would give jurisdiction of the parties. Where there is jurisdiction of the subject matter of the action, parties may give jurisdiction of the person by a voluntary appearance. And when there is a defect in the service of process, if the defendant enters an appearance and goes to trial on the merits, the irregularity is waived. The same rule ought to apply to the alleged defect in the application for change of the place of trial. The defendant went into the circut court of Dodge county; submitted to the jurisdiction of that court; tried the cause upon the merits once without objection; and not until the close of the plaintiff's case on the second trial was there any question raised that the application was insufficient. It was then too late to take advantage of any defect in the application, since the defendant had clearly waived it, if any originally existed.

There were other grounds relied on in the circuit court, for setting aside the verdict, but as the court dismissed the action for want of jurisdiction, those questions are not before us. We only intend to decide the question before us, namely, whether the defendant, after taking the steps it has in this cause, can raise any objection to the application for a change of venue from Sheboygan county. We hold that the defendant has waived that objection. If the circuit court should be of the opinion that a new trial should be granted for any of the other reasons set forth in the motion, it will be at liberty to grant it, as our decision is intended to be confined to the only point raised by the appeal.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.