WOODWARD vs. HANCHETT and others.
STOWE vs. HANCHETT and others.

*May 12 — June 4, 1881.*

PLACE OF TRIAL. *Transfer of cause to proper county: How proper court obtains jurisdiction*

1. Under our statute, where an action has been commenced in a county other than that in which the defendant resides, and, upon defendant's demand that the place of trial be changed to his county, plaintiff's attorney has, within five days, served a written consent to such change, the circuit court of defendant's county acquires jurisdiction without any motion or order for that purpose in the court where the action was commenced.

[2. The same rule applies to all cases of a like demand of and consent to a transfer to "the proper county" of actions commenced in some other county.]

3. In such a case, if plaintiff has filed in the court in which he brought the action, the summons and complaint, or other papers necessary for the protection of his rights, he should procure them to be certified and transmitted to the trial court; and it is not defendant's duty to do so, nor will their absence prevent him, after issue joined, from noticing the cause for trial and having it put upon the calendar; especially as the filing of either summons or complaint is not necessary to jurisdiction in any case. R. S., secs. 2629, 2632, 2664.

APPEALS from the Circuit Court for *Monroe* County.

The case is thus stated by Mr. Justice TAYLOR:

"These actions were commenced in the circuit court for Dane county by the personal service of a summons upon the defendants in that county. Within twenty days after the service of the complaint in each case, the defendants, by their attorney, demanded in writing that the place of trial in said actions be changed to Monroe county, that being the county in which they resided; and thereupon, and within five days after such demand, the plaintiffs' attorney served a written consent in each of said cases upon the defendants' attorney, that the place of trial in said actions be changed to Monroe county. At the time such written consent was given and served, no papers in either of the actions had been filed in the office of the clerk of the circuit court for Dane county. Thereafter, and on the 11th day of February, 1880, the defendants in each of said actions served their answers to the complaint therein, which answers were entitled in the circuit court for Monroe county; and the admission of service of such answers was duly acknowledged in writing upon the back of the originals by the attorney for the plaintiffs; and in the case in which *Stowe* is plaintiff, his attorney thereafter, and on the 23d day of February, 1880, served a reply to the answer, also entitled in the circuit court for Monroe county.

"The defendants, by their attorney, duly noticed said actions for trial at the April term, 1880, of the circuit court for Monroe county, filed the proper notes of issue with the clerk of said court, and caused the same to be placed upon the calendar

for trial at said term.   The plaintiffs, by their attorney, moved
the court to strike the cases from the calendar.   The motions
were denied; and from the respective orders of the court
denying said motions, the plaintiffs appealed."

*F. J. Lamb*, for the appellants.

For the respondents there was a brief by *Morrow & Masters*, and oral argument by *Mr. Morrow*.

TAYLOR, J.   The learned counsel for the appellants insists
that the Monroe county circuit court had no jurisdiction of
these actions, because no order had ever been made by the
circuit court of Dane county, in which said actions were com-
menced, changing the place of trial in the actions and direct-
ing the transmission of the papers therein to the clerk of the
circuit court of Monroe county.   The contention of the learned
counsel is, that no change in the place of trial of an action
can be effected under the provisions of the Revised Statutes
except by an order of the circuit court, or presiding judge
thereof, of the county in which the actions were commenced,
as prescribed in section 2622, R. S.   And it appearing that no
such order had ever been made in either of said actions, and
that no papers had been transmitted from the circuit court of
Dane county by the clerk thereof to the circuit court of Mon-
roe county, as prescribed by section 2627 of said statutes, said
actions still remained in the circuit court of Dane county,
notwithstanding the written consent of the plaintiffs' attorney
to such change of the place of trial.   The learned counsel for
the respondents contend that the written consent given by the
attorney for the appellants changed the place of trial from
Dane county to Monroe county, without any order of the court
or of the judge thereof; that, after such consent given, such
actions were for all purposes pending in Monroe county the
same as though they had been originally commenced in such
county.

Under the sixth subdivision of section 2619, R. S., the place

of trial for these actions was in Monroe county, that being the county in which the defendants resided at the time the same was commenced; and the defendants had the right under the statute to have the actions tried in that county, unless the place of trial was properly changed for some of the causes specified in the statutes. Section 2621, R. S., provides that where the place of trial designated in the summons or complaint is not the proper place of trial, " the defendant may, within twenty days after the service of the complaint, serve upon the attorney for the plaintiffs a demand in writing that the trial be had within the proper county, specifying it, unless there be more than one such county, and the reason therefor. Within five days after service of such demand, the plaintiff's attorney may serve a written consent that the place of trial be changed, and specify to what county, having the option to name one of two or more in which it may be properly triable, *and such consent shall change the place of trial accordingly.* If the plaintiff's consent be not so served, the defendant may, within twenty days after the service of such demand, move to change the place of trial, and shall have costs if his motion be granted. The right to a change of the place of trial, by proceeding as aforesaid, shall not be affected by any other proceedings in the action."

This section was clearly intended to relate to all kinds of actions, and is applicable as well to actions which are local in their nature as to actions which are by statute made local by reason of the residence of the defendant or other cause; and under its provisions any action may, notwithstanding its local character, be tried in the county designated in the summons or complaint, unless the defendant causes the same to be changed in the manner pointed out in said section. The change made by the revision as well as by the code, in respect to the place of trial, is a radical one; and under its provisions no objection can now be taken either by pleading or on the trial that the action is not brought in the proper county.

Such objection is one that must be taken *in limine*, and if not then taken is waived. *Pereles v. Albert*, 12 Wis., 666; *Lane v. Burdick*, 17 Wis., 92. The provisions of chapter 243, Laws of 1862, were not embodied in the revised statutes of 1878, and that chapter was repealed. The section above cited has provided two methods of changing the place of trial to the proper county when the plaintiff has brought his action in the wrong county. The first method is by demand of the defendant and the written consent of the plaintiff made and given within specified times; and when the demand is properly made and the consent properly given, the place of trial is changed without any further proceeding, and thereafter the case proceeds as if brought originally in the county designated in the consent of the plaintiff.

The statute having directed that the action should be triable in a certain county, it is the right of the defendant to have it tried there unless the place of trial is changed for some good cause specified in the statute. This has been held by this court in several cases under similar statutes. *Foster v. Bacon*, 9 Wis., 345; *State ex rel. v. McArthur*, 13 Wis., 407; *Craven v. Craven*, 27 Wis., 418; *Moe v. Moe*, 39 Wis., 308. The right resting with the defendant, he may waive it; but when he does not do so, the statute has provided an easy and speedy method of getting the case into the proper county; and when the plaintiff refuses to put the place of trial in such county when requested, he is punished by inflicting a bill of costs for such refusal. We see no necessity of any order in case the place of trial is changed by consent. Usually such change is made, as it was in these cases, before any papers are filed in any court, and consequently before any record is made. The filing of the papers in the proper clerk's office, with the demand of the defendant and consent of the plaintiff, would be all the evidence necessary to show that the action was properly in that court; and if in any case any record has been made in the court of the county in which the action is commenced,

which might be necessary to protect the plaintiff's rights, he should, after consenting to the change of the place of trial, procure such papers to be certified and transmitted to the clerk of the court to which the place of trial has been changed. Clearly it is not the duty of the defendant to procure the transmission of such record in such case. The fault is the plaintiff's that the action was not commenced in the proper county; and when the defendant demands that it be tried in the proper county, it is the plaintiff's duty to see that the proper record is made in such county. This would seem to be the plain meaning of the statute.

Section 2622, R. S., we think strongly confirms our construction that no order is necessary to effect a change of the place of trial when the plaintiff consents to such change upon demand of the defendant. This section provides that "the court, or the presiding judge thereof, may change the place of trial in the following cases: (1) When the county designated for that purpose in the complaint is not the proper county, and the defendant has moved within the time limited in the preceding section." This provision clearly refers to a case where the plaintiff, upon demand of the defendant, has refused to consent to a change, and the defendant, within the twenty days after the time for serving such consent, moves the court to change the place of trial; and it does not require the order of the court in case consent be given. In such case there is no necessity for a motion on the part of the defendant. He has the plaintiff's consent to the change, and the legislature has said that such consent "shall change the place of trial accordingly," or, in other words, without any further action by either party.

The place of trial having been duly changed in each case, the defendant, after issue joined, had the right to notice the same for trial in Monroe county, and place the same upon the calendar. That court had jurisdiction of the actions, and there was no more reason for striking the same from the cal-

endar because no summons or complaint had been filed with the clerk of that court, than there would have been had the actions been commenced in that county.

Neither the filing of the summons nor of the pleadings is necessary to give the court jurisdiction of the action. See sections 2629, 2632, 2664, R. S. The notice of trial by the defendant and filing notice of issue were regular (section 2845, R. S.), and consequently the actions were properly on the calendar. The motion of the plaintiff to strike them off was properly denied.

*By the Court.*— The order of the circuit court in each case is affirmed.