## TUCKER vs. GROVER.

*September 5 — September 27, 1881.*

*(1) Change of place of trial: what acts effect it. (2) Waiver of right to such change. (3) Appealable order.*

1. Defendant's due demand to have the place of trial changed to the county of his residence, with a written consent to such change thereafter duly served by plaintiff's attorney upon defendant's attorney, works such change without any further act by either of the parties.

2. Where, notwithstanding such a change, the cause has been placed, at plaintiff's instance, upon the calendar of the court in which it was commenced, a motion by defendant in such court, that the action be stricken from its calendar, that the court refuse to entertain jurisdiction thereof, and that the place of trial be changed to the proper county, is *not a waiver* of the defendant's right to such change.

3. Where a motion is made to strike a cause from the calendar of a circuit court for lack of jurisdiction in the court to try it an order denying the motion is appealable.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice TAYLOR:

"This is an appeal from an order of the circuit court of Milwaukee county refusing to strike the cause from the calendar of that court, and change the place of trial to the circuit court of Dodge county. The record shows that the summons in the action was served July 8, 1880, upon the defendant in the county of Dodge, where he then resided and still resides; and that on the 27th of July, 1880, the defendant served on the plaintiff's attorney a demand in writing that the place of trial be changed to Dodge county, stating as a reason that the defendant resided in that county. On the 29th day of July, the plaintiff's attorney served a written consent on the defendant's attorney that the place of trial of said action be changed from the county of Milwaukee to the county of Dodge, and at the same time delivered to the defendant's attorney a duplicate of said consent, which duplicate consent, with the admission of service thereof, signed by the

defendant's attorney, was forthwith mailed to the plaintiff's attorney.

"On the 27th of July, 1880, plaintiff's attorney filed the summons and complaint in said action with the clerk of said Milwaukee county circuit court, but did not file the written consent to change the place of trial to Dodge county. On the 14th of August, 1880, the defendant served his answer to the complaint in said action, which was entitled 'In circuit court, Milwaukee county,' but it was noted on the margin of the complaint, opposite the title thereof, that the 'place of trial was Dodge county.' On November 22, 1880, the plaintiff's attorney served upon the defendant's attorney a notice of trial, stating that said action would be brought on to trial in the circuit court of Milwaukee county on the 4th day of October then next, or as soon thereafter as counsel could be heard; which notice of trial was returned by the defendant's attorney, stating, as a reason for returning the same, that the place of trial of said action had been changed to Dodge county. The plaintiff's attorney filed proof of service of the notice of trial, and caused the action to be placed upon the calendar of said circuit court for Milwaukee county, for trial at the October term, 1880. Thereupon the defendant's attorney moved the circuit court of Milwaukee county, upon an affidavit setting out the above facts, and upon the papers in the case, 'that the said action be stricken from the calendar of said court; that said court refuse to entertain jurisdiction thereof; and that the place of trial thereof be changed to Dodge county.' This motion was denied by said court; and from the order denying the same this appeal is taken."

For the appellant there was a brief by *E. C. Lewis* and *E. P. Smith*, and oral argument by *Mr. Smith*.

*Henry L. Buxton*, for the respondent:

1. The plaintiff, being the party procuring the change, has, by his failure to pay the clerk's fees in the county from which the case is taken, waived his right to have the change made.

R. S., sec. 2627; *Lee v. Buckheit*, 49 Wis., 54. 2. The answer of the defendant entitled, "In circuit court, Milwaukee county," together with the notice of trial thereafter served by plaintiff's attorney, amounted to a stipulation that the cause remain in Milwaukee county. *Gorton v. Bailey*, 46 Wis., 633; *Carpenter v. Shepardson*, 43 id., 406. 3. By his appearance in the motion from the order overruling which this appeal is taken, the defendant waived his right to a change of venue, and submitted to the jurisdiction of the circuit court for Milwaukee county. The relief asked for could be granted only upon the theory that that court then had jurisdiction of the case. *Blackburn v. Sweet*, 38 Wis., 578; *Carpenter v. Shepardson*, 43 id., 406; *Stonach v. Glessner*, 4 id., 275; *Lowe v. Stringham*, 14 id., 222; *Upper Miss. Transp. Co. v. Whittaker*, 16 id., 220; *Grantier v. Rosecrance*, 27 id., 488; *Alderson v. White*, 32 id., 308.

TAYLOR, J. It is objected by the learned counsel for the respondent, that no appeal will lie from the order to this court. The motion to strike the cause from the calendar of the circuit court of Milwaukee county was based upon the ground that such court had no authority to try such action. The decision was an adjudication by that court that it had authority to try the same, and was therefore an order involving the merits of the action, within the meaning of the statute, and an appeal will lie to this court. See *Haas v. Weinhagen*, 30 Wis., 326; *McLeod v. Bertschy*, id., 324; *Lee v. Buckheit*, 49 Wis., 54.

That the place of trial in this action was changed from Milwaukee county to Dodge county by the demand of the defendant, and the written consent served by the plaintiff's attorney upon the defendant's attorney, after such demand was made, without any further act or proceeding by either of the parties, was expressly decided by this court in the cases of *Woodward v. Hanchett* and *Stow v. Hanchett*, 52 Wis., 482,

after a full argument of the questions involved. It is unnecessary to again discuss the questions involved in those decisions upon this appeal.

The facts presented to the court by the defendant upon his motion show that the circuit court of Milwaukee county had no authority to proceed to the trial of the action without the consent of the defendant, for the reason that the place of trial had been removed from said county. It would seem absurd to hold that the defendant, by moving to strike the cause from the calendar and asking the court to adjudicate that it had no jurisdiction to try the action, and to make an order changing the place of trial to Dodge county, consented to try the case in Milwaukee county. The last part of the relief asked was wholly unnecessary to the protection of the rights of the defendant; but certainly it was no waiver of his right to have the action tried in Dodge county, and to have the order of the court striking the same from the calendar of the circuit court of Milwaukee county.

The question involved is not whether the defendant had appeared generally in the action, so as to give the court jurisdiction of his person, but whether the defendant had waived his right to have the action tried in the county of Dodge, where it was in fact pending when his motion was made. We can see nothing in the action taken by the counsel for the defendant which can by any possibility be construed into a consent to try the action in Milwaukee county. The facts in this case are entirely different from those in the cases of *Montgomery v. Town of Scott*, 32 Wis., 249, and *Carpenter v. Shepardson*, 43 Wis., 406.

*By the Court.*—The order of the circuit court is reversed, with costs, and the cause remanded for further proceedings according to law.