## HIGGINS & ADAMS v. FARMERS INS. CO.

1. **Justice's Courts**: LIMITATION OF APPEALS FROM: CONSTITUTIONAL LAW. Chapter 163 of the laws of 1880, which limits the right of appeal from justices' courts to the Circuit Court to cases in which the amount in controversy is more than $25, *held* not in conflict with section 9, article 1 of the constitution of Iowa, nor with article 2 of the ordinance of 1787.

*Appeal from Linn Circuit Court.*

WEDNESDAY, DECEMBER 6.

THIS action was brought before a justice of the peace to recover $11.76. Judgment was rendered for the plaintiffs for the amount claimed. The defendants appealed to the Circuit Court. The plaintiffs filed a motion to dismiss the appeal on the ground that the amount did not exceed $25. The court sustained the motion and dismissed the appeal. From the order sustaining the motion and dismissing the appeal the defendants appeal to this court.

*Stoneman, Rickel & Eastman,* for appellants.

*Smith McPherson, Attorney-general,* for appellees.

ADAMS, J.—Two questions are certified to us and are as follows:

"*First.* Is the act of the legislature of Iowa of 1880, limit-

ing the appeal to the Circuit Court from justices' courts to cases where the amount in controversy is more than $25, constitutional? *Second.* Is said act in conflict with the ordinance of 1787 and void by reason thereof?"

The plaintiffs insist that the act in question is in conflict both with the constitution of the State and the ordinance of 1787.

The constitution provides that "the right of trial by jury shall remain inviolate, but the general assembly may authorize trial by a jury of a less number than twelve men in inferior courts." Art. 1, Bill of Rights, § 9. The General Assembly has provided that a jury in a justice's court shall consist of six jurors. The constitutionality of this provision, it is conceded, may be upheld, but only upon the ground that the unsuccessful party shall have an unrestricted right of appeal and access to a common law jury, which it is said consists of twelve men. The act, the constitutionality of which is drawn in question in this case, was designed to restrict the right of appeal, confining it to cases where the amount in controversy exceeds $25. Now it is said that so long as a jury in a justice's court consists of six men the right of appeal cannot be restricted, because the effect would be to deprive the unsuccessful party, in all cases to which the restriction applies, of a right of trial by jury within the meaning of that part of the constitution which provides that the right of trial by jury shall remain inviolate.

It may be conceded that a common law jury consists of twelve men. But we do not think that the constitution designs to provide that in no case shall a party be deprived of a right of trial by such jury.

It may be that in the first clause of the constitutional provision above quoted the word "jury" was used in the sense of a common law jury. Now while it is provided that the right to a trial by jury (which we concede may be understood to mean a common law jury) shall remain inviolate, yet this provision is qualified by what immediately follows, wherein the word "jury" is used in a sense different from at common law.

Having reached the conclusion that the constitution designs that the legislature may provide for a jury of less number than twelve in inferior courts, and that too without regard to the right of appeal, we proceed to inquire whether the constitutional provision itself is void by reason of the ordinance of 1787.

By that ordinance it is provided that the inhabitants of the territory "shall always be entitled to the benefit of the writ of habeas corpus and trial by jury." The provision is a part of Art. 2, and is one of the articles which, it is provided, should be considered articles of compact between the original states, and the people and states in the territory, and should remain unalterable, unless by common consent.

For the purpose of the opinion, it may be conceded that the ordinance was in force in Iowa at the time of its admission as a State, and is now, except so far as it has been abrogated. It may also be conceded that by the word "jury," as used in the ordinance, a common law jury was meant.

It remains to be determined whether the provision in regard to a right of trial by a common law jury has been altered by common consent.

That there has been an attempted alteration we have already seen, if our construction of the provision of our constitution above quoted is correct. There is no question then about the consent of the people of Iowa to the alteration. Have we the consent of the original states? It appears that we have. The original states must be deemed a party to the Act of Congress by which Iowa was admitted into the Union. Now whether by admission of Iowa into the Union, whereby it became clothed with most of the attributes of independent sovereignty, the original states must be deemed to have consented that it have the power to enact all laws which it may see fit, subject only to the restrictions imposed by the constitution of the State, and by the constitution of the United States, we need not determine. So far as the question before us is concerned, we think that there was a more specific expression of consent.

The people of the Territory of Iowa had through its delegates formed a constitution, and it was admitted as a State with reference to such constitution. In that constitution we find the provision above quoted. Substantially the same question arose in *Connecticut Mutual Life Insurance Company v. Cross*, 18 Wis., 109. The court held that the provisions of the ordinance of 1787 were abrogated by the admission of the State into the Union, so far as the provisions of the ordinance were in conflict with the provisions of the State constitution.

We reach the conclusion, then, that the statute in question is not unconstitutional, and is not in conflict with the provisions of the ordinance of 1787, and that the judgment of the Circuit Court must be

AFFIRMED.