STATE EX REL. CARPENTER and another vs. BACKUS, Acting Judge.

*January 19—March 13, 1917.*

*Racine municipal court: Change of venue in criminal action: Power of circuit court to grant second change to another county.*

1. The right to a change of venue exists in this state only by virtue of the statute, and such change can be had only upon the terms prescribed.

2. The first sentence in sec. 10 of the act creating the municipal court of Racine county (ch. 72, Laws 1897) is applicable to criminal as well as to civil actions, and the exception therein stated operates to prevent the said court from granting a change of venue in a criminal case to any court of another county; but after the venue in a criminal action has been changed, on the ground of prejudice of the judge, from said municipal court to the circuit· court for Racine county, the circuit court may grant a change to another county, under sec. 4679, Stats., upon a satisfactory showing that an impartial trial cannot be had in Racine county. ESCHWEILER and KERWIN, JJ., dissent.

3. Where, in such a case, a change of venue was asked on the ground last mentioned, it was not error· for the circuit court to deny it without prejudice to a renewal of the motion "if it

shall appear on the *voir dire* that the defendants . . . cannot have a fair and impartial trial in Racine county." Such an order, not being a final determination of the rights of defendants, does not show an abuse of the discretion vested in the court by sec. 4679, Stats.

THIS IS an original proceeding brought in this court in the form of a *mandamus* and *certiorari*. An alternative writ of *mandamus* and a writ of *certiorari* auxiliary thereto are addressed and directed to Honorable AUGUST C. BACKUS, acting as judge of the circuit court for Racine county, commanding him to vacate and set aside a certain order made in his court on November 25, 1916, dismissing the petition of the relators and denying them a change of venue because of the prejudice of the people of Racine county, or show cause to the contrary before this court. The respondent moved to quash the alternative writ of *mandamus* upon the ground that neither the petition nor the writ shows that the relators are entitled to the relief prayed for.

On December 30, 1915, five indictments were returned by the grand jury against the relators. Four of them were directed against *Charles R. Carpenter* and the fifth was directed against both of the relators. They charged violations of the banking laws of the state of Wisconsin. These indictments were returned to the municipal court of Racine county, and on the 24th day of January, 1916, the relators each filed affidavits of prejudice against the judge of the municipal court. The cases were then transferred to the circuit court for Racine county. On April 10th the relators moved in circuit court for a change of venue on account of the prejudice of the people of Racine county. In support of the motion they filed affidavits to which were attached certain newspaper clippings. An order to show cause why the motion of relators should not be denied was issued out of circuit court on the 29th of April, 1916. This order to show cause was heard, and on the 13th of May Judge BACKUS, sitting for Circuit

Judge BELDEN, denied the motion for change of venue without prejudice to the defendants to renew the motion if it appear upon the *voir dire* that a fair trial cannot be had in Racine county.    On November 18, 1916, relators filed another motion for change of venue based upon a verified petition and newspaper clippings showing that these cases had been made an issue between two candidates for the office of district attorney at the November election, 1916.    This motion was heard and denied by Judge BACKUS on November 25, 1916. The recital of the order denying such motion states that the court is of the opinion that the defendants are not entitled to a second change of venue as a matter of statutory right.    The order then declares:

"It is ordered that the motion of the defendants *Charles R. Carpenter* and *B. Hinrichs,* and each of them, made and entered upon the 18th day of November, 1916, for a change of the place of the trial of said actions, and each of them, be and the same hereby is each severally denied, without prejudice, however, to said defendants, and each of them, to renew said motions if it shall appear on the *voir dire* that the defendants, and each of them, cannot have a fair and impartial trial in Racine county, Wisconsin."

On November 29, 1916, writs of *mandamus* and *certiorari* were issued out of this court directed to Judge BACKUS to review his action in making and entering the order of November 25th.    Respondent made due return to the writ of *certiorari* and moved to quash the alternative writ of *mandamus.*

For the relators there was a brief by *Quarles, Spence & Quarles* and *Guy D. Goff,* all of Milwaukee, attorneys for *Charles R. Carpenter,* and *Thompson & Harvey* of Racine and *W. H. Bennett* of Milwaukee, attorneys for *B. Hinrichs;* and the cause was argued orally by *Mr. Goff* and *Mr. W. C. Quarles.*

For the respondent there was a brief signed by *A. C. Umbreit* of Milwaukee and *William W. Storms* of Racine, attor-

neys for respondent and special counsel for the state, and by *Vilas H. Whaley,* district attorney for Racine county, and there was oral argument by *Mr. Storms* and *Mr. Umbreit.*

SIEBECKER, J.   It seems clear that the right to a change of venue in this state is regulated by statute.   This is declared by the decisions in this court on the subject.   The effect of such decisions is stated in *French v. State,* 93 Wis. 325, 335, 67 N. W. 706:

"The right to a change of venue depends entirely upon the statute.   It is not guaranteed by Const. art. I, sec. 7, or any other provision of the constitution.   As the right exists only by virtue of the statute, a change of venue can be had only upon the terms the statute prescribes."

See *Baker v. State,* 56 Wis. 568, 14 N. W. 718; *Boldt v. State,* 72 Wis. 7, 38 N. W. 177; *Oborn v. State,* 143 Wis. 249, 126 N. W. 737.

The difficult question here presented involves the construction of the act establishing the municipal court of Racine county (sec. 10, ch. 72, Laws 1897).   The original act provides:

"The provisions of law applicable to changes of venue in the circuit courts of this state, shall be applicable to said municipal court, except that when the venue of any action shall be so changed, it shall be changed to the circuit court of Racine county; and such change of venue shall not prevent the granting by said circuit court of a further change of venue as provided in section 2622, of the revised statutes of this state."

This act also provides that in case any "person charged upon indictment or information with a criminal offense shall have procured a change of venue to the circuit court of Racine county, . . ." the party shall be committed or held to bail in circuit court, and the papers and copy of record and proceedings, properly certified, shall be transmitted to the circuit court, "which shall then have full jurisdiction of

the action." Sec. 5, ch. 117, Laws 1899, re-enacted this section, but added after the above quoted words, "as provided in section 2622, of the revised statutes of this state," a provision to the effect that the right to change the venue under sec. 2621 by the municipal court shall be "direct to the proper county for the trial of the action." The language of the original act which is retained in the amended act expresses in explicit terms that the law as embodied in the statute applicable to circuit courts "shall be applicable to said municipal court, *except that when the venue of any action shall be so changed, it shall be changed to the circuit court of Racine county."* The exception clearly is a limitation on the statutes as they applied to the circuit courts and operates to prevent the municipal court from granting a change of venue in a criminal case to any court of another county, and thus the provision of sec. 4679, Stats., applicable to circuit courts, providing that, when it appears that a fair and impartial trial cannot be had in the county, the circuit court wherein the action is pending may send it to some adjoining county where a fair and impartial trial can be had, is rendered inapplicable to the Racine county municipal court. It appears from the clause immediately following that the legislature intended to preserve this right under sec. 4679, Stats., by providing for the exercise of this right pursuant to the provisions of sec. 2622, Stats., namely, "and such change of venue shall not prevent the granting by said circuit court of a further change of venue as provided in section 2622, of the revised statutes of this state." This section is in the chapter of the statutes regulating "The Place of Trial of Civil Actions," but it specifies in sub. (2) thereof a ground for change of venue in cases "Where there is reason to believe that an impartial trial cannot be had therein" (the county), which is the same ground provided for in sec. 4679 in criminal cases. While this legislative method of providing for the exercise of this right in criminal cases pursuant to the provisions of sec.

2622 is not a common practice, yet we are confronted with the fact that it did so, and the courts cannot nullify its action on account of the circuitous way employed to accomplish this object.    We are persuaded that the legislature intended to make the provisions of sec. 2622 applicable to all civil cases and to make the provision of sub. (2) thereof applicable to criminal cases that are embraced within sec. 4679 and transferred from the municipal to the circuit court for Racine county, and thus preserve to the accused the right of securing a change of venue on account of the prejudice of the people of the county.    The provisions of the special act establishing this municipal court provide, in the last clause of the section here involved, that upon certification of a case to the circuit court such court "shall then have full jurisdiction of the action."    This clearly shows that the circuit court is to exert its powers to protect the accused in all his rights granted by the law.    It necessarily follows that it devolves on the circuit court for Racine county, upon application of defendants, to direct that they be tried in some adjoining county if it appears to the court's satisfaction that a fair and impartial trial cannot be had in Racine county.

This brings us to the question of the effect of the order of November 25, 1916.    The court denied the applications of defendants for a change of the place of trial "without prejudice, however, to said defendants, and each of them, to renew said motions if it shall appear on the *voir dire* that the defendants, and each of them, cannot have a fair and impartial trial in Racine county, Wisconsin."    It is apparent that the court has not refused and does not refuse to act in the proceeding in the future.    While the court in terms denies the applications, it expressly does so with the intent to further consider the matter "on the *voir dire*."    The substance and effect of the ruling is that the court declared that it does not "appear to the satisfaction of the court, by affidavits, that a fair and impartial trial cannot be had" in Racine county, but that he will consider the matter further in the light of the

[13]                    JANUARY TERM, 1917.                    185

                State ex rel. Carpenter v. Backus, 165 Wis. 179.

facts relevant to the question disclosed on the *voir dire,* if
the defendants desire further action.   It is therefore estab-
lished that the court does not refuse to act in the matter if it
can legally do so in the manner as indicated, on the *voir dire.*
This procedure may be somewhat novel, but it is well adapted
to aid the court in its inquest to determine whether or not a
fair and impartial trial cannot be had in Racine county.
Such inquiry upon the *voir dire* in no way adversely affects
any of the defendants' rights and will be completed before
they are put in jeopardy.   It is considered that the court
properly withheld its final determination of the question
upon the grounds specified in the order.   The statute, sec.
4679, provides that *the court must be satisfied that a fair and
impartial trial cannot be had in Racine county in order to
justify a change of the place of trial of a case.*   This plainly
indicates that a decision of this question by a trial court can-
not be assailed as erroneous unless it is shown that the court
abused the discretion vested in it by the statute.   Since the
court in the instant proceedings has not finally determined
the rights of defendants in the matter, no question of an
abuse of its discretion is before us.   The record shows that
the trial court has not finally denied the defendants the right
to a change of the place of trial of the cases; that it expects
to proceed with the inquest as to this matter upon the *voir
dire.*   Since the court has the power to entertain the appli-
cations under the statutes, as above shown, it follows that no
case is presented which entitles relators to the writ of *man-
damus* as prayed for, and judgment must be ordered quash-
ing the writ, and that the record transmitted to this court in
response to the writ of *certiorari* be returned to the circuit
court for Racine county.   All of the justices participated in
this decision.

    *By the Court.*—It is so ordered.


    ESCHWEILER, J.   I concur in the final result in this case
and agree that the writ should be quashed upon either the

theory as to the laws affecting the municipal court as expressed by the majority opinion, or upon the theory stated herein, but I cannot agree with the construction given by the majority opinion on the right to a change of venue in the municipal court of Racine county.

The effect of the majority opinion on this point is that a defendant originally proceeded against in that court may have, as a matter of right, a change of venue to the circuit court for Racine county on account of the prejudice of the judge of such municipal court and thereafter a change of venue from the circuit court, as a matter of right, upon a satisfactory showing of the prejudice of the people. In other words, that such a defendant, unlike a defendant in any other court, may have, as a matter of right, two changes of venue in a criminal action. A defendant first proceeded against in a circuit court outside of Racine county is driven in the first instance to elect one of two grounds for a change of venue: (1) either for prejudice of the presiding judge, or (2) that of the people; and when he has so elected he can have, as a matter of right, no other or further change. A defendant proceeded against in the municipal court of Racine county may have, as a matter of right, a change for the prejudice of the judge of such court, and then again in the circuit court for Racine county to which he is sent, a second change, as a matter of right, for the prejudice of the people.

Provisions for change of venue are to be found in two separate chapters: ch. 119, Stats., entitled "The Place of Trial of Civil Actions," which includes secs. 2622, 2623, 2625; and again under ch. 190, Stats., entitled "The Change of Venue in Criminal Cases," which includes secs. 4679 and 4680.

By sec. 9, ch. 72, Laws 1897, by which chapter the municipal court in question was first established, it is provided that the general provisions of law relative to circuit and justices' courts and actions and proceedings therein, "in civil

*and criminal cases,"* shall apply also to said municipal court unless inapplicable and except as otherwise provided in that act.    This section has not been changed by the amendment to this law by ch. 117, Laws 1899, and recognized the applicability of and apparent difference between statutes relating to proceedings in civil and criminal actions.

Sec. 2622, Stats., provides for a change of the place of trial from the county wherein the action is brought "where there is reason to believe that an impartial trial cannot be had therein."    By sec. 4679, relating to criminal actions, it is provided, where a fair trial cannot be had, that the court "may direct the person accused to be tried in some adjoining county where a fair and impartial trial can be had."

Each of these sections has a provision for an absolute restriction to but one change of venue in each cause.    If sec. 2622 is to be construed as governing both civil and criminal proceedings, then there was no need of sec. 4679.    Furthermore, sec. 4679 is not limited to proceedings in circuit courts alone, but gives the power of such removal to the *court* before whom a cause is pending for an offense punishable by imprisonment in the state prison.    Such a statute is general in its nature and would apply to all courts of record having criminal jurisdiction, and would apply to the defendants in this case unless changed by the acts establishing such court.

In the case of *Dietz v. State,* 149 Wis. 462 (136 N. W. 166), on page 475 this court said, with reference to the denial of an application for a change of venue on the claim of prejudice on the part of the people of Sawyer county in an action in which an affidavit of prejudice had already been filed against the presiding judge, referring to sec. 4680, Stats., that there can be but one change of venue in a criminal action.

This broad language must also apply to these defendants unless a contrary intent can be found in the act in question.

The municipal court of Racine county is one created by

the legislature by virtue of the power given in sec. 2, art. VII, of the Wisconsin constitution, which provides for the vesting of jurisdiction in such municipal courts, with the limitation that their jurisdiction shall not exceed that of circuit courts. Such defendants then in the municipal court of Racine county, by the holding in the majority opinion, obtain that which is in effect a superior right or advantage over all other defendants wherever prosecuted and in a court which is constitutionally prohibited from having greater jurisdiction than circuit courts.

I cannot construe the act in question as overriding these considerations. It certainly does not do so by express language, and can only do so by a construction which seems to me to be an unnecessary strain upon legislative language.

As I read this act, the provisions in the first portion of sec. 5, ch. 117, Laws 1899, for a change of venue, apply only to civil actions. This may be seen by its express reference to the statutes that govern such actions, viz. secs. 2621, 2622, and 2625, which are found in ch. 119, Stats., as above stated. It also appears by implication by the omission of any reference to ch. 190, such as secs. 4679 or 4680.

It is fair to assume that the legislature had these general laws in mind when it passed the acts creating this municipal court and by the context of the same intended that the change of venue which is limited to a removal to the circuit court for Racine county related to civil actions only under ch. 119 and leaving the criminal actions to be disposed of under ch. 190, relating to just that class of actions, and under secs. 4679 and 4680. This construction would acquit the legislature of the rather ungraceful task of disposing of such important questions by any circuitous method and would place a defendant in the municipal court of Racine county in no other or different position than one in any other court in the state.

That portion of the act quoted and italicised in the opinion, *"except that when the venue of any action shall be so*

*changed, it shall be changed to the circuit court of Racine county,"* can well be construed as relating to civil actions only, and such a limitation is well within the power of the legislature. That body might properly say that it would deprive the litigant in a civil action in the municipal court of the right to a change for the prejudice of the people to an outside county, while at the same time preserving intact for the defendant in a criminal action in the same court the right, under sec. 4679, of having the proceeding against him sent to an adjoining county where a fair and impartial trial may be had.

I fail to see any weight that can be given to the construction of the majority from the language in the act that when a change of venue shall have been had in a criminal case to the circuit court for Racine county the record shall be transmitted and certified to the circuit court, "which shall then have full jurisdiction of the action." This only makes clear and definite what undoubtedly would be definite and clear without it, viz. that when the circuit court gets jurisdiction it stands in the same situation as to that case that the municipal court did.

This view of the statute does not lessen any of the rights of the defendant. These rights can be protected in this instance as well as the rights of a defendant whose cause had been transmitted from an adjoining circuit to the Racine circuit and where it shall appear at any time that a fair and impartial trial cannot be had. In such event the court as a matter of necessity may, even on its own motion, take proper steps to assure to the defendants the fair and impartial trial that they are guaranteed under the constitution; just as the trial court exercised what was denominated "an extraordinary power" in discharging the jury and summoning a new panel, even after testimony had been taken on the trial of a defendant accused of murder, in the case of *Hedger v. State,* 144 Wis. 279, 298, 128 N. W. 80.

I think, therefore, a proper construction of this statute would be that the,defendants are entitled to but one change of venue from the municipal court of Racine county; that if they elect to make it on the ground of the prejudice of the people it may be sent to an adjoining county for trial under sec. 4679, or if they elect to make it on the ground of the prejudice of the presiding judge it must be sent according to the provisions of sec. 4680, Stats.; that once having made such an election they can have no other or further change of venue other than may be given to a defendant in any other court under the inherent powers of the court.

I am authorized to state that Mr. Justice KERWIN joins with me in this opinion.