STAHL, Appellant, vs. BROECKERT, imp., Respondent.

*February 7—March 5, 1918.*

*Venue: Change: Form of demand: Consent: When order unnecessary: When defendants need not join in demand: Waiver of defects: Successive changes: Convenience of witnesses: Jurisdiction: Circuit courts: One court restraining proceedings in another: Supreme court: Supervisory control.*

1. A demand for a change of the place of trial of an action brought in a county in which none of the defendants resided, asking that the trial "be had within the proper county, to wit," M. county, in which one of the defendants resided, *or* R. county, in which the others resided, and stating the facts as to such residence, was in proper form.

2. After such demand, a written consent seasonably served by plaintiff's attorneys that the place of trial be changed to R. county *ipso facto* changed the place, no order of the court being necessary; and it became the duty of plaintiff to procure the transmittal of the papers.

3. Where an action is not commenced in the proper county any defendant may demand that it be tried in the proper county, although the other defendants do not join in such demand.

4. Even if, in such case, it were necessary that all defendants join in the demand for a change of the place of trial, defendants who have not appeared in the action need not be joined.

5. In the case above stated, any defects in the application for a change of the place of trial were waived when plaintiff's attorneys noticed the case for trial in the circuit court for R. county and when they appeared in that court to oppose a motion for a change to M. county on account of the convenience of witnesses.

6. The circuit court for R. county having acquired jurisdiction of the action could again change the place of trial to M. county on account of the convenience of witnesses.

7. A circuit court which had dismissed, for want of prosecution, an action of which it had jurisdiction through valid changes of venue, cannot restrain the plaintiff from proceeding with the action in the circuit court in which it was originally commenced and which claims still to have jurisdiction thereof. The defendant, in such case, should appear in the last mentioned court and protest against further proceedings therein, and if that court persisted should invoke the supervisory control of the supreme court. KERWIN, VINJE, and ESCHWEILER, JJ., dissent.

APPEAL from an order of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

This action was commenced in the Milwaukee county circuit court by the service of summons early in the month of January, 1914, for the recovery of damages for fraud alleged to have been committed by the defendants on the plaintiff. Defendant *Broeckert* lived in Manitowoc county. The defendants Stahl lived in Racine county. January 8, 1914, *Broeckert's* attorneys served notice of retainer and appearance. January 20th complaint was served on *Broeckert's* attorneys. January 24th *Broeckert* served demand for change of place of trial to either Manitowoc or Racine county. January 29th plaintiff served a written consent to change the place of trial to Racine county. February 12th defendant *Broeckert* served his answer to the complaint, which was entitled in the circuit court for Racine county, and plaintiff's attorneys admitted service on such answer. Early in March plaintiff's attorneys served notice on attorneys for defendant *Broeckert* that said action would be brought to trial at the April term of the Racine county circuit court. Thereafter attorneys for *Broeckert* moved in the Racine county circuit court for an order changing the place of trial to Manitowoc county on the ground of convenience of witnesses. Plaintiff's attorneys appeared in the Racine county circuit court on the 20th day of March and opposed the motion, and on the 26th day of March the Racine court made an order transmitting the case to Manitowoc county after copies of

all pleadings and other papers in the case had been filed with the clerk of that court, the original papers not having been transmitted to that court from the Milwaukee circuit court.

On March 23d Judge HALSEY of the Milwaukee county circuit court issued an order requiring the defendant *Broeckert* to show cause why the proceedings relating to the change of place of trial from Milwaukee county should not be vacated and set aside and staying all proceedings in said action except to resist said motion. A copy of this order was mailed to *Broeckert's* attorneys, who returned it, refusing to accept service thereof. They did not appear to contest such order to show cause in the Milwaukee county circuit court. Upon the hearing of said order to show cause the Milwaukee court made an order vacating all proceedings relating to the change of the place of trial of said action from Milwaukee, and placed said cause on the April, 1914, calendar of the Milwaukee circuit court for trial as an issue of fact for the jury. May 23, 1914, defendant *Broeckert* served on plaintiff's attorneys notice of trial, entitling the case in the circuit court for Manitowoc county. Plaintiff's attorneys admitted service on this notice. On June 9, 1914, the case having been reached for trial on the Manitowoc calendar and plaintiff having failed to appear, the case was dismissed for want of prosecution. On or about the 11th day of May, 1917, the attorneys for the defendant *Broeckert* learned that the case was on the day calendar of the Milwaukee county circuit court and would soon be reached for trial. They then procured from the circuit court for Manitowoc county an order requiring the plaintiff to show cause why he should not be restrained from proceeding in the Milwaukee court. Upon the hearing of such order to show cause the Manitowoc county circuit court made an order restraining the plaintiff from proceeding further with the case in the Milwaukee county circuit court, and from that order the plaintiff appealed.

For the appellant the cause was submitted on the brief of *Lorenz & Lorenz* of Milwaukee.

For the respondent there was a brief by *Hougen & Brady* of Manitowoc, and oral argument by *A. L. Hougen.*

Owen, J.   The demand of *Broeckert* for a change of the place of trial to either Manitowoc or Racine counties was duly and seasonably made.   The demand was that the trial "be had within the proper county, to wit, Manitowoc county or Racine county in the state of Wisconsin.   The reason this demand is made is that the county designated in the summons and complaint in said action is not the proper place of trial therefor, because neither of the defendants at the time of nor before the service of the summons and complaint in said action was a resident of Milwaukee county.   That said *William Broeckert,* defendant, at the time of and before the service of the summons and complaint in said action, was and still is a resident of said Manitowoc county and said defendants Hugo Stahl and Bertha Stahl, at the time of and before the service of the summons and complaint in said action, were and each of them was and they still are and each of them is a resident of Racine county, Wisconsin."   The demand was in proper form.   *Anderson v. Arpin H. L. Co.* 131 Wis. 34, 110 N. W. 788.   Within the time required by sec. 2621, Stats., the plaintiff's attorneys served a written consent that the place of trial be changed to Racine county. This *ipso facto* changed the place of trial.   No order of the court was necessary, and it became the duty of the plaintiff to procure a transmittal of the papers to the clerk of that court.   *Woodward v. Hanchett,* 52 Wis. 482, 9 N. W. 468; *Tucker v. Grover,* 53 Wis. 53, 9 N. W. 820; *Anderson v. Arpin H. L. Co., supra.*

Objection is made to the jurisdiction of the Racine county circuit court because all defendants did not join in the application for change of the place of trial.   It has been held

that all defendants, or all similarly situated, should join in an application for a change of venue on the ground of the prejudice of the judge. *Will of Rice,* 150 Wis. 401 (136 N. W. 956, 137 N. W. 778) at p. 455, and cases there cited. But it has not been so held, so far as we are aware, respecting an application for a change of the place of trial on the ground that 'the action was not commenced in the proper county, and we do not think that it should be. The statute prescribes the proper place of trial. When an action is commenced in an improper county it is in defiance of statutory provisions. The plaintiff has no right to have the action tried therein unless the right to have it tried in some proper county is waived by defendants through failure timely to take the necessary steps to have the place of trial changed. If any of the defendants demand that the action be tried in the proper county the plaintiff is in no position to object. He should have brought the action in the proper county in the first instance. He should not be permitted to profit by his disregard of statutory requirements and force a trial of the action in an improper county against the demand of any of the defendants that the action be had in the proper county. In other words, the statute fixes the proper place of trial, and any defendant has a right to have the action tried in some proper county, even though such right be not insisted upon or, for that matter, desired by all of the defendants.

Furthermore, it has been held that even where the application for a change of the place of trial is made upon the grounds of the prejudice of the judge, such defendants as have not appeared in the action need not join in the application. *Wolcott v. Wolcott,* 32 Wis. 53; *Eldred v. Becker,* 60 Wis. 48, 18 N. W. 720.

The statement is made in respondent's brief that the defendants Hugo J. and Bertha Stahl did not appear in the action. Appellant makes no denial of this statement. While the record discloses no proof of nonappearance on the part

of these defendants, there is nothing in the record to indicate that they ever did appear in the action. Under this state of the record we are justified in the conclusion that the Stahls defaulted, and even though it were necessary that all defendants unite in an application for a change of the place of trial on the ground that it was not commenced in the proper county, it was not necessary for the Stahls to join in this application, because they had made no appearance in the action.

But there is another very effectual answer to the contention of the appellant that the circuit court for Racine county did not acquire jurisdiction of the case. On March 2, 1914, plaintiff's attorneys served upon the attorney for the defendant *Broeckert* a notice that the action would be brought to trial at the April term of the circuit court for Racine county, commencing on the second Monday of April. They also appeared in the circuit court for Racine county on the 20th day of March to resist the motion of the defendant *Broeckert* for a change of the place of trial from Racine to Manitowoc county on account of the convenience of witnesses, at which time an affidavit made by Fred C. Lorenz, one of the attorneys for the plaintiff, was filed in opposition to the motion. These acts on the part of plaintiff's attorneys clearly recognized the jurisdiction of the Racine county circuit court and, upon the most elementary principles of law, constituted a waiver of any defects in the application for a change of the place of trial from Milwaukee county. *Montgomery v. Scott,* 32 Wis. 249; *Carpenter v. Shepardson,* 43 Wis. 406. We see no reason for doubting the jurisdiction of the Racine county circuit court. That court, having jurisdiction, could change the place of trial of the action to Manitowoc county on account of the convenience of witnesses. *Maher v. Davis & Starr L. Co.* 86 Wis. 530, 57 N. W. 357. The latter, therefore, acquired jurisdiction, and by its

judgment subsequently rendered effectually disposed of the case.

But we cannot indorse the practice here pursued, nor affirm the authority of the circuit court for Manitowoc county to interfere with the proceedings of the circuit court for Milwaukee county, as was attempted. We fully recognize the general power of courts of equity whose jurisdiction has once attached, to restrain parties from commencing and prosecuting subsequent actions in other courts for the same object. We have no disposition to question, qualify, or limit that power, but it cannot be invoked to justify the order appealed from. We have here a conflict between two courts as to which has jurisdiction of a particular case. Each has affirmatively asserted its own jurisdiction, thereby, inferentially, denying the jurisdiction of the other. They could not both have jurisdiction. One was wrong in the attitude assumed, and the other had neither power nor authority to correct the mistakes of the erring court. If the one justly having jurisdiction could, in the manner here attempted, restrain further proceedings in the other, then the erring court, being possessed of like weapons, could frustrate proceedings in the court having jurisdiction, for a time at least, in the same manner. It is not a sufficient answer to say that in such case the restraining order would be void and the party restrained would be at liberty to disregard it. Whether it would be void depends upon which court has jurisdiction, and a party to an action should not be placed in a position where he must decide at his peril a question on which two courts of equal dignity and standing disagree. Such practice may well lead to unseemly squabbles and controversies, the inevitable effect of which is loss of dignity and respect. There is no reason why the circuit court for Milwaukee county could not in form have restrained the defendant from taking any proceedings in the Manitowoc county circuit

court, and even after the circuit court for Manitowoc county issued its order to show cause why plaintiff should not be restrained from proceeding further with the case in the Milwaukee county circuit court, the Milwaukee court might have restrained the defendant from proceeding any further with his motion in the Manitowoc court. An injunction from one court may be met with an injunction from the other; and in the end both parties to the action are fettered by restraining orders until they cannot turn in any direction without the incurring of contempt penalties, and after each court has thoroughly spent itself nothing has been decided.

Supervisory control of circuit courts is vested exclusively in this court, and where a court persists in acting without jurisdiction this superintending power of control on the part of this court should be invoked. It was the duty of defendant *Broeckert* to appear in the circuit court for Milwaukee county and protest against the further jurisdiction of that court. It is not at all improbable that after full argument of the question the Milwaukee court would have been convinced and ceased further pretension of its jurisdiction. But if the circuit court for Milwaukee county persisted in its jurisdiction, the defendant should then have taken the proper steps to invoke the power of supervisory control lodged in this court. That this power has been freely exercised will be seen by reference to the following cases: *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081; *State ex rel. Forrestal v. Eschweiler,* 158 Wis. 25, 147 N. W. 1008; *State ex rel. Milwaukee v. Circuit Court,* 163 Wis. 445, 158 N. W. 92; *State ex rel. Carpenter v. Backus,* 165 Wis. 179, 161 N. W. 759; *State ex rel. N. W. Mut. L. Ins. Co. v. Circuit Court,* 165 Wis. 387, 162 N. W. 436.

We give assurance that there will be no hesitation here in exercising this power in the interests of orderly procedure and to prevent unseemly controversies between the

circuit courts of the state, under these or similar circumstances. For these reasons we cannot approve of the action of the Manitowoc circuit court in enjoining the plaintiff from proceeding further in the circuit court for Milwaukee county, and the order appealed from must, for such reasons, be reversed.

In view of the facts, however, that the defendant *Broeckert* was compelled to take some action challenging the jurisdiction of the Milwaukee court by reason of the plaintiff's persistence in that court, and the rights of the parties having been settled on this appeal, the defendant should not be mulcted in costs in this court, and appellant should not be allowed to tax costs.

*By the Court.*—Order appealed from is reversed, and cause remanded for further proceedings according to law. Respondent will pay the clerk's fees. No further costs to be taxed by either party.

KERWIN, J. (*dissenting in part*). I dissent from so much of the opinion of the majority of the court as holds that the order of the court below was an attempt by one circuit court to restrain another circuit court. The order here was against a party, not against the court. That a party may be restrained from prosecuting an action has been repeatedly held by this and other courts, and is the settled law of this state. *Akerly v. Vilas,* 15 Wis. 401; *Hadfield v. Bartlett,* 66 Wis. 634, 29 N. W. 639. See, also, 7 Ruling Case Law, 1070; 14 id. 408; 1 High, Injunctions (3d ed.) § 45 *et seq.;* 1 Joyce, Injunctions, § 544a; *Crowns v. Forest L. Co.* 102 Wis. 97, 78 N. W. 433; *Boring v. Ott,* 138 Wis. 260, 119 N. W. 865; *Balch v. Beach,* 119 Wis. 77, 95 N. W. 132; *Zohrlaut v. Mengelberg,* 158 Wis. 392, 148 N. W. 314, 149 N. W. 280.

I also dissent from the holding, or intimation, in the majority opinion to the effect that the remedy in the instant

case was by application to this court under its superintending control.

I therefore think the order should be affirmed.

Vinje and Eschweiler, JJ.   We concur in the foregoing dissenting opinion of Justice Kerwin.